IN RE ESTATE OF ELLA D. LIPP.

ELVA A. ALBRIGHT, Executrix, Appellant, v. ALLIE ALBRIGHT et al., Appellees.

No. 39760.

DECEMBER 13, 1929.

*Dalton & Knop*, for appellant.

*R. W. Cockshoot* and *Swan, Martin & Swan*, for appellees.

FAVILLE, J.—Andrew J. Lipp was the owner of an 80-acre tract of land. On April 1, 1918, he sold said land to his son-in-law, Albert W. Albright, for $16,000. Albright paid $2,000  in cash, and gave his notes and a mortgage on said premises for the balance of the purchase price, to wit, $14,000. Later, he paid the sum of $500 on said mortgage. The appellant-executrix is the wife of the said Albright, and she signed the said notes and mortgage. Lipp died testate, bequeathing said notes and mortgage to his wife, Ella D. Lipp. Subsequently, said Ella died testate, and the appellant was appointed executrix of her estate. Appellant filed an inventory as such executrix, and listed said notes and mortgage among the assets of said estate, and reported them as having been executed by her husband. Appellees herein are the sisters of the executrix, and jointly interested with her as beneficiaries under the will of the decedent. The evidence shows that Albright became insolvent, and was unable to pay said notes and mortgage. Various negotiations were had with respect to the disposal of said property, and finally a purchaser was found for the said real estate, who agreed to take the same at a price of $10,000, on condition that the said property was conveyed free and clear of all incumbrances; or, in other words, that the outstanding mortgage was satisfied of record by the payment of the said purchase price of $10,000. A written agreement was entered into between all of said beneficiaries and the purchaser of said premises. Said agreement provided that the said purchaser should pay to the appellant, as executrix of the estate of said Ella, the sum of $10,000, and that the executrix was authorized to accept the same in full of the mortgage of $14,000, upon which the sum of $500 had been paid. If the court approved of said agreement, the title holder, Albright, was to convey the real estate to the purchaser, free and clear of all incumbrances. After this agreement was signed, the transaction

was consummated, the purchase price paid, and the real estate conveyed to the purchaser. The objections to the final report of the executrix involve only three items.

I. It is contended by the objectors that the appellant's final report should not be approved, for the reason that the written contract providing for the acceptance of $10,000 in cash in settlement of the mortgage of Albright was, it is contended by the appellees, entered into only upon the oral promise by the appellant that she would account to the appellees for their share of the interest accruing on said mortgage from the time the same had last been paid, to wit, on April 1, 1926, until the 12th day of September, 1927, when said agreement of compromise was entered into. It is contended by the appellees that the appellant was personally obligated on said notes and mortgage, by reason of having executed the same with her husband, and that she concealed said fact from the appellees, and in listing said notes as part of the assets of said estate, failed to show that she was liable thereon, and also in procuring the approval of the said compromise of said mortgage for said sum of $10,000, likewise failed to disclose to the court her personal liability on said notes. The trial court held that the appellant should account to the appellees for the said item of interest for the period of time referred to. The trial court found that the appellant had been guilty of a legal fraud in failing to disclose her liability, in the inventory filed by her as executrix, or to disclose the same when obtaining the approval of the court to the compromise of said mortgage.

With regard to appellees' claim of an oral agreement to the effect that the appellant would pay the same item of interest on said mortgage to the appellees in the event that the settle-ment and compromise of said mortgage was accepted and the property conveyed to the purchaser, it appears that the evidence in regard to said matter pertains wholly to a conversation between the appellees and the attorney for the appellant. There is no showing whatever that the attorney had any authority from the appellant to make an agreement binding her to pay said interest. In fact, the evidence tends to show a want of such authority. We therefore must hold that the claimed agreement to pay said interest was not legally estab-

lished. We are not, at this point, passing upon the question as to whether or not a conversation was had with the attorney for the executrix, as claimed by the appellees. We are limiting our holding to the single proposition that there is a want of authority shown to bind the appellant by any agreement, if one was made, to pay appellees the interest in question.

At this point, the remaining question is whether or not the appellant should account to the appellees for the said interest because of the alleged concealment on her part of her personal liability upon the said notes referred to. It is appellant's contention that she never incurred any personal liability on said notes and mortgage; that she was in no way a purchaser of said premises; that there was no agreement at any time that she should be personally liable thereon; and that she merely signed said notes and mortgage for the purpose of waiving her dower right in the mortgaged premises. If her contention in this regard is true, there would be no personal liability on her part on said notes and mortgage, even though she signed the same. *LeFleur v. Caldwell,* 196 Iowa 727; *Insell v. McDaniels,* 201 Iowa 533. The evidence on her behalf, which is without dispute in the record, tends to show that she never intended to incur any personal liability on said notes and mortgage, and signed the same solely for the purpose of waiving her dower interest in the mortgaged premises. If this is true, she was not required to list a personal liability on her part on said notes and mortgage when reporting the same as assets of said estate, and we are constrained to hold that the court erred in holding that there was legal fraud on her part in failing to so report such liability, or in obtaining the approval of the compromise of said mortgage. There is no claim of any negligence on the part of the appellant in failing to collect said notes from her husband, the undisputed evidence showing that he was insolvent. The appellees failed to show that the appellant was liable on any duly authorized oral contract for the payment of interest on said notes and mortgage for the time in question, or that there was any fraud on the part of the appellant, rendering her liable to said appellees for the said interest. We are constrained to differ from the conclusion of the trial court at this point, and to hold that the appellant should not have been held liable for the item of interest charged to her by the order of the trial court.

II. The appellant complains of the action of the trial court in fixing the services of the attorneys for the executrix at the sum of $200, instead of the statutory attorney's fees, which  would have amounted to $372.21. Sections 12063 and 12064, Code, 1927, provide for the allowance of a "reasonable fee" for attorneys in matters of an estate, to be determined by the court, but not in excess of certain sums named. There is evidence in this case strongly tending to establish the contention of the appellees that the attorneys for the executrix agreed to perform the legal services in connection with the administration of said estate for the sum of $200. In any event, the matter of the allowance of a reasonable compensation as attorney's fees was within the discretion of the court, and we fail to find that there was an abuse of such discretion in fixing the amount allowed by the trial court. The order in regard thereto is affirmed.

III. With regard to the compensation of the executrix, the statutes above referred to apply. The court fixed the compensation of the executrix at $200, which would be less than the so-called statutory fee. This likewise was a matter within the discretion of the trial court, and we fail to find from the record any evidence of such abuse of discretion as requires interference on our part in this matter. We think the allowance was adequate and proper, under the record. The order of the trial court will be modified by striking therefrom the provision requiring the appellant to pay the interest on said mortgage from the 1st day of April, 1926, to the 12th day of September, 1927. In all other respects, the order of the district court will be affirmed. The costs of this appeal will be taxed one half to the appellant and one half to the appellees.—*Modified and affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.