LEON GABEL and VERNON DIEDERICH, plaintiffs, v. IRVIN GABEL, defendant-appellant, and E. W. HENKE et al., appellees.

No. 50680.

(Reported in 117 N.W.2d 501)

OCTOBER 16, 1962.

Donohue, Wilkins & Donohue, of New Hampton, for appellant.

E. W. Henke and Zastrow, Noah & Smith, all of Charles City, for appellees.

THORNTON, J.—Defendant appeals from an order fixing attorney and referee fees and the order taxing costs on the hearing on fees in a partition action.

The two plaintiffs brought the action to partition 227 acres of farm land in Floyd County. They and defendant each owned an undivided one-third interest in the land. Their ownership was acquired as heirs in an estate then pending. The action was started six months to the day from the date the administrator gave notice of his appointment.

One plaintiff was represented by Mr. E. W. Henke, the other by Mr. James F. Smith; both of them represented the referee. It is their fees both as attorneys for plaintiffs and as attorneys for the referee as well as the referee's fees that are in question here. It is conceded by defendant that Mr. Henke and

Mr. Smith are competent lawyers of excellent standing in the profession. Defendant does not question but that the services were rendered competently and in a lawyerlike manner, the contention is that the fees allowed are excessive.

In the partition proceedings the land was appraised for $66,500, it was sold in three parcels at public auction for a total of $80,500. The fees were first fixed in an ex parte order. The fees so fixed were $1640 for plaintiffs' attorneys, the maximum allowance under rule 294, Rules of Civil Procedure, where there is no contest, for the referee $2000, and for his attorneys $2400. Defendant was unaware of the allowance of fees until they appeared in the final report. Defendant filed objections thereto and a hearing was had on the objections, the trial court overruled the objections and approved the fees as fixed in the ex parte order.

I. The issues and burden of proof were the same on the hearing on the objections as they would have been on a contested hearing to fix the fees in the first instance. The burden of proof is on the applicants to show the reasonable value of the necessary services rendered. In addition to oral testimony the court should consider the services rendered as shown by the file before it. The court is an expert on what are reasonable attorney and referee fees. The hearing on fees is at law. Our review is not de novo. The trial court has considerable discretion in fixing attorney and referee fees, the exercise thereof must be reasonable and not arbitrary, and the allowance made must be supported by the evidence and other matters necessarily involved. When it appears the allowance made is manifestly inadequate or clearly excessive, showing an abuse of discretion and arbitrary action, it becomes our duty to make a proper allowance. Nelson v. Iowa State Highway Commission, 253 Iowa 1248, 1256, 1257, 115 N.W.2d 695, 699, 700; Tilton v. Iowa Power and Light Co., 250 Iowa 583, 94 N.W.2d 782; In re Estate of Rorem, 245 Iowa 1125, 66 N.W.2d 292, 47 A. L. R.2d 1089; State ex rel. Weede v. Bechtel, 244 Iowa 785, 834, 56 N.W.2d 173, 200; Wilson v. Fleming, 239 Iowa 718, 736, 31 N.W.2d 393, 402; In re Estate of Myers, 238 Iowa 1103, 29 N.W.2d 426; Annotation, 143 A. L. R. 669; and annotation, 56 A. L. R.2d 31.

In determining a reasonable attorney fee, generally the time necessarily spent, the nature and extent of the services, the amount involved, the difficulty of handling and importance of issues, responsibility assumed and the results obtained, as well as the standing and experience of the attorney in the profession should be considered. See authorities above cited. There is also another factor, the increase in the cost of personal services in our economy generally. In passing on the amount of verdicts claimed to be excessive we have repeatedly considered the purchasing power of the dollar and the cost of living. Ferris v. Riley, 251 Iowa 400, 412, 101 N.W.2d 176, 186.

In this case, a partition action, the nature and extent of the services to be rendered are important considerations. The purpose of the action is to provide a means of dividing or selling and dividing the proceeds of real or personal property of joint owners. The best service is rendered to the owners when the entire proceeding from the filing of the petition to the approval of the final report is competently and expeditiously completed. Marketable title must be delivered to the purchasers. See Division XII, Rules of Civil Procedure. The importance of the service to be performed is recognized in rules 293, 294 and 295, Rules of Civil Procedure.

Rule 294 provides the maximum fees for plaintiff's attorney based on the sale price or appraisement if no sale is made as follows: Ten percent on the first $200; five percent on the next $300; three percent on the next $500; and two percent on all sums in excess of $1000. Paragraph 4 of rule 294 further provides for such additional reasonable compensation as the court may allow for plaintiff's attorney in contested cases. Rule 293 provides, in pertinent part: "* * * No contest shall deprive plaintiff's attorney of the fee specified in rule 294. * * *." Rule 295 provides for the allowance of reasonable compensation for the referee and his attorney.

Another factor proper to consider, as the trial court did here, is the amount of a realtor's fee if the owners had agreed to sell at private sale. In its ruling the court stated the realtor's fee in Floyd County was five percent. In addition to the realtor's fee there would of necessity be legal services in conveying title.

Mr. Henke testified to the services rendered. A daily or hourly time record was not kept. Though such a record is not essential in this type of case it can be extremely helpful. The sum total of Mr. Henke's rather detailed testimony is that the normal and necessary services were competently performed. Though defendant filed an answer there was no contest. Some slight delay in entering the decree was occasioned due to defendant's counsel being on vacation. An agreement as to the referee and appraisers was worked out with another member of the firm. The referee appointed was a realtor. He and his attorneys arranged the sale by public auction. An auctioneer was not employed. Mr. Henke performed the services normally performed by an auctioneer with the assistance of Mr. Smith and the referee. The sale resulted in an increase over the appraised value of $66,500 to $80,500. There were some services in correcting title and the necessary work of drawing contracts and deeds, completing the sales, and preparing the final report for approval.

Mr. B. C. Sullivan and Mr. Boyd G. Hayes, experienced and distinguished members of the Floyd County bar, were called as expert witnesses to testify to the reasonable value of the services rendered. Each testified the percentage allowance provided in rule 294 was reasonable for the services of plaintiffs' attorneys. They testified the amounts allowed to the referee and his attorneys were reasonable. Each was of the opinion the attorneys performed more services than the referee and were entitled to greater compensation. Mr. Sullivan testified it was the custom in the judicial district for the court to allow a total of five percent of the sale price as the fees for the referee and his attorney.

It was stipulated that if four other members of the Floyd County bar were called to testify they would testify the fees allowed were reasonable.

Defendant offered no evidence. He merely seeks to demonstrate in argument by reference to minimum fee schedules and the time actually spent in performing the services the fees are clearly excessive. We are unable to agree with the arguments made. When other proper factors are considered, as they were in the testimony of the experts called and by the trial court,

the fees allowed are not clearly excessive. We cannot properly interfere.

II. Defendant also appeals the ruling of the court taxing the costs of the hearing on fees to him and the allowing of fees as expert witnesses to six attorneys called to testify to the reasonable value of attorney fees. They were allowed compensation pursuant to section 622.72, Code of Iowa, 1958. We can find no merit in defendant's contentions. Defendant was the losing party on the hearing on fees. It was a contest. Rule 293, Rules of Civil Procedure provides such costs shall be taxed against the losing contestant. In argument defendant reaches the conclusion the attorneys testifying to the value of legal services are not testifying as expert witnesses. Frankly we cannot follow or understand this argument. To our knowledge no one would contend a medical doctor is not testifying as an expert when he testifies to the reasonable value of medical services, the same is true of an engineer testifying to the value of engineering services. The value of professional services is a proper field for expert testimony. 32 C. J. S., Evidence, section 545, page 320; and 20 Am. Jur., Evidence, section 901, page 757.—Affirmed.

GARFIELD, C. J., and THOMPSON, PETERSON, SNELL and MOORE, JJ., concur.

HAYS and LARSON, JJ., dissent.