IN RE TRUSTEESHIP OF GEORGE H. WOLTERSDORF, under Last Will and Testament of ANNA WOLTERSDORF, deceased.

No. 51152.

(Reported in 124 N.W.2d 510)

NOVEMBER 12, 1963.

Mossman & Mossman, of Vinton, for appellants.

Bordewick & Fischer and Milroy, Milroy & Milroy, all of Vinton, and Hyland & Morris, of Tama, for appellee.

HAYS, J.—The sole question before this court involves fees allowed by the probate court to the trustee and the attorneys representing the trustee upon the closing of the trust.

Anna Woltersdorf, now deceased, by her Last Will created a trust for the benefit of George H. Woltersdorf. He is now deceased and the Bank of America, Riverside, California, is executor of his estate. Rose Thompson, an heir of Anna Woltersdorf, deceased, was named as trustee. She qualified in 1948 and has managed the trust since said date. After the death of George H. Woltersdorf, a final report was filed providing for payment of the trust estate to the executor of the estate of George H. Woltersdorf. Thereafter by an amendment to the final report the trust assets are to be paid to the heirs of Anna Woltersdorf, one third of which would go to the trustee personally. The Bank of America filed objections and a hearing was had thereon. The objections were sustained and the trust assets ordered paid to said bank as executor. No appeal was taken from this order. Thereafter the court by ex parte order authorized the trustee to pay herself the sum of $1000 and pay her attorneys, Milroy, Milroy & Milroy, the sum of $250 for services up to and including the filing of the final report and to pay her attorneys Milroy, Milroy & Milroy and Maurice H. Bordewick the sum of $2000 for services rendered in the preparation and trial of the matter of the distribution of the residue of the trust. The trial court held the employment of James H. Milroy and Maurice Bordewick, attorneys, by the trustee was necessary and proper; that a substantial legal problem existed as to who was entitled to the residue of the trust and that it was necessary that the trustee be

represented by counsel so the trust could be terminated. The court also found that the amounts were fair and reasonable.

■ I. On appeals from orders in probate the finding of the trial court is conclusive if supported by substantial evidence. It is reviewable only on assigned errors, not de novo. This is true as to orders allowing attorney fees and fees of executors or trustees. Section 604.4, Code 1962; In re Estate of Lorenz, 244 Iowa 338, 56 N.W.2d 884; In re Estate of Rorem, 245 Iowa 1125, 66 N.W.2d 292, 47 A. L. R.2d 1089; Gabel v. Gabel, 254 Iowa 248, 117 N.W.2d 501; rule 334, R. C. P. Three errors are assigned by appellant: (1) $1000 allowed trustee was excessive and unreasonable; (2) attorney fees of $2252.95 were excessive and improper expenditures for the trust; (3) burden on trustee to prove such fees were reasonable, which has not been done.

■ ■ II. As to fees allowed the trustee. Considerable testimony was taken as to the work done by the trustee, though she did not testify due to age and ill health. The trust was created in 1948 when she qualified. The amount involved was $5000. While no itemized statement was made as to each day-by-day work done in connection with the trust, it appears that whatever was necessary was done and that the trust has increased to $15,000 while under her control. There is testimony in the record that her services as trustee would be worth in excess of $1500 for services since the inception of the trust. The matter of fees for executors and trustees rests within the sound discretion of the trial court. The amount allowed here is supported by testimony in the record and we find no abuse of discretion.

III. It is contended that the fees allowed the attorneys were excessive and did not constitute a proper trust expenditure. As we read the briefs and arguments we come to the conclusion that the amount allowed is not seriously contested as being excessive for the work done, but is contested on the theory that Milroy's and Bordewick's services were on behalf of the trustee personally and not on behalf of the trust. There is ample testimony in the record as to the value of services performed by the attorneys and we give no further thought to the question of amount.

■ The record shows that by an amendment to the final report on the question of the distribution residue of the trust, the trustee contended that it should go to the heirs of the creator of the trust, which included the trustee to the extent of one-third interest. The report as originally filed and no doubt prepared by Mr. Milroy gave the residue to the estate of the beneficiary of the trust. Under the record, Mr. Bordewick was employed by Mr. Milroy, on the advice or consent of the trustee, to assist in the matter of closing the trust. Based upon research done by Mr. Bordewick the amendment was filed to which objections were filed. The record shows that at the hearing on the objections Mr. Milroy and Mr. Bordewick appeared as counsel for Rose A. Thompson and a Nellie Thompson individually. However, both attorneys say such appearance was unauthorized, being solely to confer jurisdiction upon the court in said matter. We think there is considerable basis for holding that the attorneys were representing these two heirs of Anna Woltersdorf rather than the trustee and, if so, any fees allowed them from the trust would be illegal. In re Estate of Rorem, supra, 245 Iowa 1125, 66 N.W.2d 292, 47 A. L. R.2d 1089. However, as above said, the finding of fact by the probate court in the matters before it is binding upon this court if supported by substantial proof. Concededly there is support in the record for the trial court's decision that counsel did not represent the individuals but only the trust. To hold otherwise would probably be based largely upon conjecture and innuendo. The amount not being excessive, we are bound thereby and find no error under this assignment.

IV. The third assignment is that the trustee has failed in her burden of establishing that the fees were reasonable and proper. We think no further expression upon this question is necessary.

Finding no error, the order of the trial court is affirmed.— Affirmed.

All JUSTICES concur.