In re the MARRIAGE OF Mildred M. JAYNE and Harold F. Jayne.

Upon the Petition of Mildred M. JAYNE, Appellee,
and concerning Harold F. JAYNE, Appellant.

No. 55099.

Supreme Court of Iowa.

Sept. 19, 1972.

Peters, Campbell & Pearson, Council Bluffs, for appellant.

Wunschel & Schechtman, Carroll, for appellee.

MOORE, Chief Justice.

The only question presented by this appeal is whether the lower court erred in determining the amount of fees to be paid by respondent-appellant to petitioner's attorney.

On December 17, 1970, Mildred M. Jayne filed a petition for dissolution of marriage with a prayer for temporary support, permanent alimony, disposition of property, suit money, attorney fees and attachment of certain property. Five days later and before respondent, Harold F. Jayne, had been served with an original notice, petitioner's attorney, Mr. Wunschel, filed an application and obtained an ex parte order requiring respondent to pay $500 per month temporary support and by January 15, 1971 to pay $2000 temporary attorney fees for petitioner's law firm. Later an order was issued restraining respondent from harassing petitioner.

After being served with an original notice respondent filed an answer and moved to set aside the ex parte order fixing temporary support and attorney fees. He also made application for conciliation procedure. The lower court again ordered payment of $2000 as attorney fees. Conciliation procedure was ordered.

On March 24, 1971 petitioner's attorney filed an affidavit of contempt because the ordered attorney fees had not been paid. Respondent paid the fees before the contempt matter came on for hearing and it was dropped.

The parties were married on January 28, 1933. Their four children were adults when this action was commenced. Petitioner had previously filed three such actions. Respondent tried desperately to again conciliate but his efforts failed. The parties themselves tentatively worked out an alimony and property settlement. Respondent's attorney prepared a stipulation accordingly. It was presented to Mr. Wunschel who negotiated some changes particularly regarding transfer of certain shares of stock and an increase of the alimony. It was estimated petitioner thus obtained an additional $18,000. Respondent's attorney prepared another stipulation which included the new terms.

Petitioner's evidence, including the final signed stipulation, was submitted to the trial court without contest on June 28, 1971. The trial court ordered the marriage dissolved. The terms of the stipulation were approved and made a part of the judgment and decree. The trial court reserved the matter of allowance of attorney fees for petitioner's counsel and ordered a separate hearing on that issue.

On July 12, 1971 evidence was submitted in connection with the determination of attorney fees. It discloses respondent had a net worth of approximately $350,000. The settlement resulted in approximately $170,000 to petitioner over a period of years. Her attorney testified many tax problems were precipitated by reason of the size and type of settlement.

Mr. Wunschel submitted records showing a total of 21 (10-hour) days spent in the interest of his client. He asked compensation at the rate of $500 per day.

Two attorneys called by Mr. Wunschel had heard his testimony regarding time spent and assumed it to be correct and necessary. They declined however to give an opinion based on time spent but gave opinions based primarily on the amount involved and the favorable results to petitioner. One opined a reasonable fee would be $10,000. The other set the amount at $10,000 to $15,000.

Mrs. Jayne testified that based on conversation with Mr. Wunschel his total fee was to be $2000. Mr. Jayne testified he thought the total fee would be $2000 and the main reason he made the "so-called lucrative property settlement was because I thought this might help to get my wife back."

The trial court fixed Mr. Wunschel's fees at the rate of $350 a day, awarding a

total of $7350. A $2000 credit was allowed for temporary fees previously paid, leaving a balance due of $5350.

Respondent-appellant asserts the per diem award is excessive, counsel's records reflect an unnecessary and inordinate expenditure of time, and the settlement agreement obtained for petitioner does not warrant an allowance of attorney fees in the amount awarded. We agree.

I. Our review in this equity matter is de novo. Rule 334, Rules of Civil Procedure. We give weight to the findings of the trial court but are not bound thereby. Rule 344(f)(7), R.C.P.

II. Respondent concedes a reasonable fee should be allowed. We are mindful a determination of reasonable attorney fees in the case at bar must include but is not limited to consideration of such elements as the amount of time spent; nature, extent and difficulty of the services; amount involved; responsibility assumed; results obtained; customary charges for similar service; and the professional standing and experience of the attorney. Kirkpatrick v. Patterson, Iowa, 172 N.W. 2d 259, 261; Glynn v. Cascade State Bank, 227 Iowa 932, 938, 939, 289 N.W. 722, 725 and citations in each. Matters to be considered in allowing attorney fees generally are fully set out in the annotation 143 A. L.R. 672 entitled "Amount of attorney's compensation (in absence of contract or statute fixing amount)." See also the supplement thereto, 56 A.L.R.2d 13.

III. Courts are not bound by expert evidence on the value of legal services. The court itself is an expert as to what are reasonable attorney fees. Tilton v. Iowa Power and Light Co., 250 Iowa 583, 590, 94 N.W.2d 782, 786; In re Estate of Rorem, 245 Iowa 1125, 1132, 66 N.W.2d 292, 296, 47 A.L.R.2d 1089, 1097 and citations. The opinions expressed by the two attorneys in the case at bar were based to some extent on the testimony of time spent and obviously were only approximate estimates.

It is undenied Mr. Wunschel is an able, experienced trial lawyer. He is recognized by members of the profession as having demonstrated expertise in the area of domestic relations. Although a number of motions and other documents were prepared and filed by him, it is not demonstrated these particular services require an extraordinary amount of professional skill. They are rather routine matters. Evaluation of the tax impact of the offers of settlement and the final stipulation no doubt required a much higher degree of expertise but the problems in this area have not been described with any degree of particularity. It must be noted also no minor children were involved. There was not the long, drawn out, bitter contest frequently experienced in cases of this kind. The final settlement appears to be principally the result of respondent's desire to avoid a confrontation with his wife. The trial consisted of an appearance to prove up the case.

Counsel failed to establish the necessity of 21 days of professional services in this case. An inordinate amount of time is claimed for the preparation of motions and documents. We find the reasonable total attorney fees to be $4000. Accordingly we reduce the amount awarded from $7350 to $4000. Given the $2000 credit, $2000 remains to be paid by respondent-appellant.

The judgment of the trial court is modified. This cause is remanded for judgment entry consistent with this opinion.

Modified and remanded.

All Justices concur, except RAWLINGS and REYNOLDSON, JJ., who dissent.

HARRIS, J., takes no part.