Willie Earl LLOYD, Sr., Appellant,

v.

DISTRICT COURT OF SCOTT COUNTY,
Iowa, Hon. M. L. Sutton, Presid-
ing Judge, Appellee.

Wornice LLOYD, Appellant,

v.

DISTRICT COURT OF SCOTT COUNTY,
Iowa, Hon. M. L. Sutton, Presid-
ing Judge, Appellee.

Willie ELLIS, Appellant,

v.

DISTRICT COURT OF SCOTT COUNTY,
Iowa, Hon. M. L. Sutton, Presid-
ing Judge, Appellee.

Nos. 55546–55548.

Supreme Court of Iowa.

Oct. 18, 1972.

Thomas L. Wine, Davenport, for Willie Earl Lloyd, Sr., appellant.

Morton A. Teitle, Davenport, for Wornice Lloyd, appellant.

Donald Doyle, Davenport, for Willie Lee Ellis, appellant.

Edward N. Wehr, County Atty., and Gary M. Lane, Asst. County Atty., Davenport, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and REYNOLDSON, JJ.

REES, Justice.

This matter comes to us as an original certiorari proceedings on three cases, consolidated for the purpose of hearing, to test the validity of respondent-court's order overruling plaintiffs' motions to change place of trial of criminal charges from Scott County to some county outside the seventh judicial district.

Plaintiffs in this cause were charged by county attorney's information with first degree murder for allegedly having killed a Davenport police officer while he was

engaged in the discharge of his duties. They were also charged with burglary with aggravation and two counts of robbery with aggravation. All of the events occurred on the night of December 5, 1971 and, in addition to the plaintiffs, a fourth subject —one Wesley Betts—was taken into custody and similarly charged.

All three plaintiffs filed motions in the district court of Scott County asking changes of venue to some county outside of the seventh judicial district, claiming that excitement in the community and prejudice engendered by widespread publicity in newspapers and over radio and television stations precluded them from getting fair and impartial trials in Scott County or in any of the surrounding counties comprising the seventh judicial district of Iowa.

All plaintiffs filed affidavits in support of their motions, and counter-affidavits were filed by the county attorney with the resistances to the several motions to change venue. The fourth party charged—Betts— never sought a change of venue from Scott County.

On April 19, 1972 the Scott County district court, the Honorable M. L. Sutton, judge, following a hearing, ruled that the plaintiffs had failed to establish grounds for changes of venue under Iowa Code chapter 778. The occurrences of December 5, 1971, that is to say, the killing of the peace officer and the burglary and robberies were given daily news coverage by the Davenport Times-Democrat, a newspaper of wide circulation, by radio and television station WOC, by radio station KSTT, both of Davenport, and by radio and television station WQAD–TV of Moline, Illinois, and radio and telecasting station WHBF of Rock Island, Illinois. Copies of the newspaper articles and of the radio scripts were incorporated in the return to the writ of certiorari and have been subjected to our scrutiny.

Counsel for all three plaintiffs have collaborated in the preparation of the brief and argument, and assert as propositions justifying our sustaining the writ that:

I. The court erred in not finding that there existed enough local excitement and prejudice to warrant a change of venue under Iowa Code chapter 778.

II. The court's overruling of plaintiffs' motions for change of venue was an unconstitutional denial of due process of law because of the probability or possibility of inherent local prejudice.

Respondent urges in his brief and argument, as propositions relied upon for an affirmance of the trial court's actions and a quashing of the writ, that:

I. A ruling on a motion for a change of venue rests within the discretion of the trial court and will only be reversed upon a showing that the trial court abused its discretion.

II. A motion for a change of venue based on pre-trial publicity requires a substantial showing of actual prejudice.

III. The denial of the motion for a change of venue does not deny the appellants due process of law as guaranteed by the state and federal constitutions.

On this original certiorari we will consider the several contentions of the plaintiffs and the respondent on the real question before us: whether the motion for change of venue in the several prosecutions should have been sustained.

We do not feel called upon to belabor these propositions at length. This court has recently addressed itself to the identical question in Pollard v. District Court of Woodbury County, Iowa, 200 N.W.2d 519, filed September 19, 1972. *Pollard* was an action in certiorari to test the legality of an order of the respondent-judge overruling petitioner's motion for change of venue in an embezzlement case. The report of the audit, out of which the charge of embezzlement grew, had received a great amount of publicity by press, television and radio. After hearing, the respondent-judge

entered an order holding that, while considerable feeling existed with respect to the audit (which had become somewhat of a political issue due to the cost of the conduct of the audit), that neither excitement nor prejudice against Mrs. Pollard, the petitioner in certiorari, had been shown, and overruled the motion. After making "an independent evaluation of the circumstances", as this appellate court is required to do under the rule enunciated in Sheppard v. Maxwell, 384 U.S. 333, 362, 86 S. Ct. 1507, 1522, 16 L.Ed.2d 600, 620, and in State v. Niccum (Iowa 1971), 190 N.W.2d 815, 824, this court sustained the writ of certiorari.

We must apply the same test here which was applied in *Pollard*. The glare of publicity had been focused on the petitioners here in a matter of great public interest involving the murder of a police officer in the discharge of his duties. The test must be whether a "reasonable likelihood" exists that petitioners could not receive a fair trial in Scott County. We think the record establishes such reasonable likelihood does exist, and that the motions for change of venue should have been sustained.

We have reviewed the record here *de novo* as we now view our responsibility on all change of venue issues in criminal cases, whether the question comes to us on certiorari in advance of trial or on direct appeal following judgment, and to this extent only we now hold our pronouncement in Harnack v. District Court, 179 N.W.2d 356 (Iowa 1970) is no longer controlling. See Maine v. Superior Court, 68 Cal.2d 375, 66 Cal.Rptr. 724, 728–730, 438 P.2d 372, 376–378.

The writs of certiorari are therefore sustained. These causes are remanded for the entry of orders in the district court changing places of trial to a county or counties outside the seventh judicial district.

Writs sustained and causes remanded.