In re the MARRIAGE OF Adena J. McBEE and Thomas L. McBee.

Upon the Petition of Adena J. McBee, Appellee,

and concerning Thomas L. McBee, Appellant.

No. 3–58902.

Supreme Court of Iowa.

July 30, 1976.

Manly Law Office, Grinnell, for appellant.

Gaass, Klyn, Boehlje & Johnson, Pella, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

LeGRAND, Justice.

Respondent-husband appeals from a decree which granted his wife custody of the parties' only minor child. He also challenges the visitation provisions of the decree and, as a last complaint, objects to the award of attorney fees to his wife's lawyers. With certain modifications as to visitation, we affirm the trial court's decree.

I. The parties were married on December 20, 1964. They have one child, Shannon Michele McBee, born in 1970. Since July, 1974, when the parties separated, the child has resided with her mother in Omaha, Nebraska.

The evidence shows either parent would be a proper custodian for this child. Each parent is gainfully employed. Petitioner is presently employed as an executive secretary earning approximately $850 a month. Respondent is manager of the Grinnell College Book Store with annual earnings of $13,150.

During the marriage, the parties accumulated little property and few debts. No issues involving those matters are raised here. Aside from the principals, important testimony concerning custody of Shannon came from Dr. George Castore, a clinical psychologist, and Dr. William C. McCullough, a school psychologist.

These witnesses agreed that either parent was a suitable custodian. Any preference they expressed for one parent over the other was slight and was given with seeming reluctance. No purpose would be served by reciting the evidence at length. We have reviewed and considered all of it.

Under the circumstances shown by this record, we agree with the trial court that custody should be given to Adena with visitation rights as hereinafter detailed accruing to Thomas.

II. The trial court's decree made this provision for visitation:

" * * * Respondent [father] herein shall have visitation rights of one weekend per month, to be determined by the parties, alternate holidays of Christmas, Easter and Thanksgiving, and further that said visitation may be enlarged as determined by the parties during the summer months, said rights of visitation with the minor child to be such as not to interfere with the health, welfare or education of the minor child."

Both Adena and Thomas apparently prefer that this court specify the details of visitation rather than leaving this matter for their agreement, as the decree does. We will therefore do so.

We believe Thomas should have more liberal visitation than the trial court allowed. We believe, too, continued close relationship with her father will prove beneficial to Shannon.

We now make the following provisions for visitation:

Thomas shall have visitation rights on every other weekend from noon Saturday until 6:00 P.M. Sunday. The first such visitation shall commence on August 7, 1976. Adena shall have Shannon on Christmas, 1976, and visitation shall then alternate between Adena and Thomas for the holidays designated in the decree. On the holidays Thomas is entitled to visitation, such visitation shall begin at noon on the day before such holiday and terminate at 6:00 P.M. on the day of such holiday. If any such holiday falls on a regularly scheduled visitation weekend, Thomas shall not be entitled to additional visitation rights to compensate therefor.

Starting in 1977, Thomas shall have visitation rights for the month of July each year beginning at noon on July 1 and ending at 6:00 P.M. on July 31. Support payments payable under the decree shall be suspended during this month each year.

■ III. Thomas objects to the order directing him to pay his wife's attorney $690.87 for services rendered in the trial court. In his brief, he does not dispute the amount allowed but argues there is no showing upon which any award could be properly made.

In her petition Adena asked for attorney fees. Although testimony as to time spent and specific services rendered is helpful, we have held judges serve as their own experts in fixing fees. *In re Marriage of Jayne,* 200 N.W.2d 532, 534, 59 A.L.R.3d 147 (Iowa 1972); *Wilson v. Wilson,* 197 N.W.2d 589, 594 (Iowa 1972). We hold the trial court properly allowed fees to Adena's lawyers. Since the amount allowed is not disputed, we do not discuss the reasonableness of the award.

■ Adena has also asked an allowance of attorney fees for this appeal. Thomas resists this request. Adena's attorney has submitted an affidavit supported by an itemized time record. He asks fees and costs in the amount of $595.12. This includes costs for telephone, postage, and printing in the sum of $38.62. We find Adena is entitled to an award for attorney fees on this appeal and that the statement rendered is fair and reasonable.

Except as to the modification of visitation rights, we affirm the trial court. We also order Thomas to pay $595.12 for attorney fees and expenses incurred by Adena on this appeal.

MODIFIED AND AFFIRMED.