**Alfredo G. PARRISH, Plaintiff,**

v.

**The Honorable J. P. DENATO, Judge, Polk County District Court, in his official capacity only, Defendant.**

**No. 59996.**

Supreme Court of Iowa.

Feb. 22, 1978.

Linda Del Gallo, Des Moines, for plaintiff.

Richard C. Turner, Atty. Gen., Ray W. Sullins, Asst. Atty. Gen., Dan L. Johnston, County Atty., for defendant.

Considered by MOORE, C. J., and MASON, REES, REYNOLDSON, and McCORMICK, JJ.

MASON, Justice.

Plaintiff, Alfredo G. Parrish, seeks review by certiorari of the legality of defendant's actions in denying plaintiff's application for reconsideration of a fee awarded to plaintiff for services rendered in representing at public expense Robert Charles Bragg who had been charged with murder.

May 19, 1976, plaintiff was appointed by the Polk District Court to represent Robert Charles Bragg. Trial to a jury resulted in a verdict convicting Bragg of manslaughter. September 29, plaintiff submitted an itemized claim to the district court for 61.2 hours of in-court time and 163.6 hours of out-of-court time. October 13, the Honorable J. P. Denato ordered plaintiff be paid $3,145.50 for 116.5 hours of the time submitted and for other expenses incurred by him. October 27, plaintiff applied for reconsideration of the fee award. After hearing defendant denied any change in the original award.

November 4, plaintiff petitioned this court for an original writ of certiorari. This procedure was approved by this court in *Furey v. Crawford County,* 208 N.W.2d 15, 19 (Iowa 1973), where we said, "that the proper mode to obtain review of trial court's determination of reasonable compensation is to petition this court for an original writ of certiorari, alleging trial court exceeded its jurisdiction or otherwise acted illegally. Rule 306, * * * Rules of Civil Procedure."

November 18, we granted the writ and the case is now before us on that basis.

At the hearing on plaintiff's application for reconsideration the following colloquy took place:

"THE COURT: This is a matter of application of defendant's attorney to reconsider attorney's fees for—on an appointed basis under # 8960, *State vs. Bragg.*

"MR. PARRISH: Your Honor, I would like to call as my first witness, Keith Uhl, please.

"THE COURT: What is it you propose to show by Mr. Uhl?

"MR. PARRISH: Oh, the preparation by him on a similar case that he worked on [in] his private capacity.

"THE COURT: Counsel, I'm going to reject that. I believe the Supreme Court said that the trial court is supposed to be an expert in these areas so I will reject this offer of testimony.

"MR. PARRISH: Well, could I make a record, then, on that, Your Honor?

"THE COURT: I've indicated I'm going to reject this offer of testimony. No, sir, you cannot.

"MR. PARRISH: Your Honor, I can't even make a record?

"THE COURT: Do you have anything else you wish to offer?

"MR. PARRISH: Well, I have two other witnesses also that—

"THE COURT: The same object?

"MR. PARRISH: No. The object was that they were appointed in court-appointed cases, on criminal cases that involved the same issue of murder in the first degree and that they were paid substantially more regarding the bill that they submitted and I submitted substantially more hours where the circumstances involved was a person incarcerated at the time he was charged with the incident. And the Court paid them the amount of the bill they submitted, and I have—

"THE COURT: Can you give me case identification on those? I would be glad to look over those files.

" *   *   *

"THE COURT: Can you get it for me? I would be glad to look it over.

" *   *   *

"THE COURT: I'm simply asking you for the cases that you wish to present attorneys on. I can look at the file and see what's been paid and I don't need the attorneys to tell me, and I will be looking at the file in any case.

" *   *   *

"THE COURT: What precisely, other than the files, do you wish to offer in regard to those two cases?

"MR. PARRISH: The hours of preparation involved, as to their opinion of reasonableness—of my opinion to the reasonableness of their bill.

"THE COURT: I would make the same ruling as to the offer of testimony of Mr. Uhl.

" *   *   *

"THE COURT: I can't agree with you, Counsel, that the opinion of a fellow attorney as to what case—what time was reasonable on a case with a similar charge would be very material or center very directly upon the issue here which is the fee which you submitted in this case. So I will continue to reject that offer of testimony.

" *   *   *

"THE COURT: For the record, though, the case of *Hollowell* and *Armento* that you have given me here will be considered by the Court and they're part of the record in this hearing, if you wish."

On November 1, the court overruled plaintiff's application. That ruling is in pertinent part as follows:

" *   *   *

"In its original fee setting, the Court allowed all the trial hours specified by the attorney in his bill, but concluded that the extent of the non-trial time was not reasonable under the circumstances.

"In addition to the allowance made, the Court's  *   *   *  paid a $400 bill for extra investigation expense  *   *   *. The final Court's allowance of course took into account that this $400 item had been paid direct by the Court.

" *   *   *  After consultation with the Chief Judge of the District, the fee rate in Polk County was increased to $25 an hour. And such rate was applicable to the fee bill in question here.

"In this hearing the Defendant's attorney, offered the testimony of fellow attorneys on the question of the reasonableness of his fee bill as submitted, which evidence was rejected by the Court on the reasoning that the setting of such fees is a matter for

the judicial discretion of this Court and the Court is its own expert on such matters * * *.

"Counsel offered into evidence the files in *State vs. Armento,* # 5419, and *State v. Hollowell,* # 5506. The fee in the *Hollowell* case was set by the judge in the preceding year. The *Armento* case involved 18 days of trial and approximately one hundred hours of non-trial and preparation work. He was one of two jointly tried Defendants; the other was represented by private counsel.

"Several Iowa cases touch this subject, * * *.

" * * *

"The Court also reviewed cases from other states collected at 18 ALR 3rd 1074 at 1104.

"It is the Court's practice to separate the trial time from the balance of the time claim. In this case there were 36½ hours of trial time which leaves a claim of 188.3 'non-trial' or preparation hours, being 24½ full eight hour work days, with additional investigation expense ($400 paid direct) and additional legal research of $157.50, as well as photo expense. The Court considered that 80 non-trial hours, or ten full eight hour work days was a reasonable amount of time for trial preparation with the additional investigation, legal research, and photo expense being added.

"The Court, as in the usual case, does not contend here that the attorney did not expend the time claimed on this case.

"Rather the Court feels that its function is to assess a reasonable amount of time for the defense of the case. The opinion on this point of the attorney involved is obviously not the only source for arriving at such judgment—else there would [be] no point in the Court's involvement in setting the fee. The Court talked to the trial judge, as it did in *Armento* and other murder and rape cases here. Although this case was difficult, this Court concludes that it was not so exceptionally difficult in comparison to a number of other capital cases tried here—a number of them also involved delicate and difficult matters."

In written brief and argument plaintiff states the following contentions are presented for review in this proceeding:

1. Did the trial court abuse its discretion by refusing to allow plaintiff to present expert testimony of the amount of trial preparation time involved in a murder case?

2. Did the trial court abuse its discretion by refusing to allow plaintiff to make an offer of proof concerning excluded expert testimony on attorney fees?

3. Did the trial court abuse its discretion by arbitrarily determining 80 hours was a reasonable amount of preparation time for the Bragg first degree murder trial?

4. Did the trial court abuse its discretion when it determined plaintiff's compensation by making allowance therein of $400 which was earlier paid by the court?

█ I. In connection with plaintiff's foregoing statement of issues we point out a writ of certiorari provides a very limited review of the trial court's discretion, only to the extent of determining if there had been an abuse thereof. *Furey v. Crawford County,* 208 N.W.2d at 19. See *State ex rel. Fletcher v. District Court,* 213 Iowa 822, 831, 238 N.W. 290, 294 and *State v. Holliday,* 169 N.W.2d 768, 770 (Iowa 1969).

In *Holliday,* 169 N.W.2d at 770, defendant urged "that the ruling of the trial court was within his judicial discretion, and was not in fact an illegal ruling such as to allow review by means of certiorari." The contention was rejected after a review of many of our decisions.

These decisions and the authorities cited therein recognize that "abuse of discretion" may constitute an illegality so as to allow certiorari.

█ II. The scope of our review by certiorari in matters of this type is not de novo. *Grant v. Fritz,* 201 N.W.2d 188, 199 (Iowa 1973); *Carstensen v. Bd. of Trustees, Etc.,* 253 N.W.2d 560, 562 (Iowa 1977). However, see *Lloyd v. District Court of Scott County,* 201 N.W.2d 720, 722 (Iowa 1972) and *State v. Cullison,* 227 N.W.2d 121, 125–127 (Iowa 1975).

III. Plaintiff contends the trial court abused its discretion when it did not allow him to present expert testimony of other lawyers on the issue of reasonable compensation in a murder case. He does not dispute the trial court had the power to fix compensation under section 775.5, The Code, which is in pertinent part as follows:

"An attorney appointed by the court to defend any person charged with a crime in this state shall be entitled to a reasonable compensation to be decided in each case by the court, including such sum or sums as the court may determine are necessary for investigation in the interests of justice."

This statute directs that the attorney rendering the services is the person entitled to the compensation awarded. In this respect the statute differs from that provided in condemnation cases where the allowance of attorney fees is the property of the client, *Carmichael v. Iowa State Highway Commission,* 219 N.W.2d 658, 664 (Iowa 1974), and from the provision for allowance for attorney fees in dissolution proceedings, section 598.11, where the award is made to the party. Nevertheless, statements of principles recognized in these types of litigation may be helpful in determining reasonable compensation to be awarded an attorney for services rendered in representing an indigent in a criminal case.

The issue at the hearing in question was whether the trial court's previous allowance of attorney fees to plaintiff amounted to reasonable compensation.

"In determining a reasonable attorney fee, generally the time necessarily spent, the nature and extent of the service, the amount involved [or, as here, the possible punishment involved], the difficulty of handling and importance of issues, responsibility assumed and the results obtained, as well as the standing and experience of the attorney in the profession should be considered." *Gabel v. Gabel,* 254 Iowa 248, 251, 117 N.W.2d 501, 503. Similar guidelines were set forth in *In re Marriage of Jayne,* 200 N.W.2d 532, 534 (Iowa 1972), where the customary charge for similar service was added as a factor which must be included.

■ Value of professional services is a proper subject for expert testimony. However, the opinions of such witnesses are not conclusive on the question of value. *Clark v. Ellsworth,* 104 Iowa 442, 451, 73 N.W. 1023, 1025–1026; *Gabel v. Gabel,* 254 Iowa at 253, 117 N.W.2d at 505.

■ The court itself is an expert as to what are reasonable attorney fees. *In re Marriage of Jayne,* 200 N.W.2d at 534, and authorities cited. However, the fact the trial court is an expert on attorney fees does not mean it can exclude all relevant evidence on the reasonableness of the compensation it has set. The court's opinion, although entitled to weight, is no more conclusive on the question of reasonableness of the compensation fixed than that of any other expert in this area.

Defendant both in the colloquy with plaintiff and in his ruling on plaintiff's application pointed out that the court itself was an expert in the area of compensation of attorneys for services rendered. Defendant also stated in his ruling " * * * the opinion on this point of the attorney involved is obviously not the only source for arriving at such judgment * * *." Defendant leaves no doubt about his position on this matter when he tells of visiting with trial judges in some other murder and rape cases tried in Polk County. Nevertheless, defendant persisted in refusing plaintiff's offer of testimony of other attorneys as to time reasonably spent in defense of murder cases and the value of such services. Plaintiff was not permitted to make an offer of proof.

Defendant in support of his position insists the " * * * trial court in a hearing on § 775.5 attorney fees should not be required to hear the formal presentation of expert testimony on attorney fees when it knows such a presentation is ·unnecessary." He relies on *Nelson v. Iowa State Hgwy. Comm.,* 253 Iowa 1248, 1256, 115 N.W.2d 695, 699–700, where the court stated:

"The amount of the attorney fees to be fixed was submitted to and determined by the court upon plaintiffs' motion to tax the

fee supported by the affidavit of one of plaintiffs' attorneys as to the services performed, and defendant's resistance thereto. The court did not hear *nor did the parties offer oral evidence.* It is not necessary for the court to hear evidence in support of the motion. The court is an expert on what are reasonable fees. * * * [citing authorities]." (Emphasis supplied).

We find no merit in defendant's position. In the first place it is our view that the opinion of the court even as an expert in the area is not conclusive on the question of the value of services rendered by an attorney when other competent, relevant expert testimony is offered.

In the second place, defendant recognized that the opinion of the attorney involved was not the only source for determining the reasonableness of compensation for services rendered by an attorney. He then talked with trial judges in other murder and rape cases tried in Polk County before making his determination as to the compensation to be awarded. We assume he relied, to some extent, on these conversations.

■ In the third place, a practicing attorney who shows general knowledge of the customary and reasonable charges of attorneys in the area for services similar to those for which compensation is sought is qualified to give opinion of the value of those services. The opinion of such a qualified attorney constitutes relevant evidence since such opinion would have tended to make more probable or less probable the reasonableness of the judge's initial award. See *State v. Hopkins,* 192 N.W.2d 747, 752 (Iowa 1971).

Defendant gave no indication in his ruling that his rejection of the testimony of attorneys offered by plaintiff on the question of the reasonableness of plaintiff's fee bill as submitted was based on lack of qualifications of the attorneys to express their opinions as experts. We are not aided by a record containing an offer of proof on their qualifications.

■ In our opinion the trial judge acted illegally in rejecting competent, relevant evidence on an issue before him. A trial court in a section 775.5 hearing may not exclude all evidence relevant to the issue of what is reasonable compensation and rely solely on its own special knowledge and experience.

■ IV. Plaintiff contends the trial court abused its discretion when it refused to allow him to make an offer of proof as to the testimony of the attorneys. He maintains he was neither given the opportunity to show what he expected to prove nor was he given the opportunity to show the relevancy, materiality and competency of such proof.

Defendant maintains an offer of proof is not appropriate in a section 775.5 hearing. Defendant insists such offers are only appropriate at a trial. This position is without merit.

The court in *State v. Ritchison,* 223 N.W.2d 207, 212–213 (Iowa 1974), stated:

"The purpose of an offer of proof is to give the trial court a more adequate basis for its evidentiary ruling and to make a meaningful record for appellate review since a reviewing court cannot predicate error upon speculation as to answers which would have been given to questions had objections thereto not been sustained. * * [citing authorities]."

Although a section 775.5 hearing is less formal than a trial, an offer of proof therein provides us with a more meaningful record for our review. As noted this case is before us on the basis of plaintiff's original writ of certiorari. Thus the scope of our review here is only to the extent of determining if there has been an abuse of the trial court's discretion constituting an illegality. *Furey,* 208 N.W.2d at 19. An offer of proof is just as useful to us under these circumstances as it would be if the scope of our review were limited to errors assigned. Thus, an offer of proof in a 775.5 hearing is just as appropriate as it is in a trial.

The trial court acted illegally in refusing to allow plaintiff to make an offer of proof under the circumstances shown here.

V. Plaintiff contends the trial court wrongfully considered in its determination of his compensation the $400 paid directly to the private investigator pursuant to court order. He argues an attorney should not have to incur personal expenses while defending an indigent.

We agree plaintiff should not have been required to incur personal expenses. *State v. Hancock,* 164 N.W.2d 330, 332 (Iowa 1969). Here, however, plaintiff was not required by virtue of the court's ruling to incur such expenses.

The trial court explained in its ruling it took " * * * into account that this $400 item had been paid direct by the Court." It considered this item as additional payment for Bragg's defense, not as something it should subtract from plaintiff's compensation. It considered this item as paid before it made its award and, therefore, did not add it to the award. It is clear if the trial court had not already paid it, it would have included it in the award as it did with the other expenses plaintiff incurred.

Plaintiff's contention is without merit.

VI. The remaining contention urged by plaintiff for review need not be reached.

In light of our determination in division III hereof this matter must be remanded to the Polk District Court with directions to permit plaintiff to make a record in connection with his claim for compensation for defending Bragg.

We urge trial courts to take a fresh look at the problem of fixing compensation for attorneys for services rendered in representing indigents in criminal matters. This court is aware of the problem facing trial judges in this respect and of the possibility of claims being made for hours spent by an attorney in achieving an education in criminal law at public expense. Nevertheless, there should be some uniformity throughout the state of the amount of compensation paid at public expense to attorneys of like ability for services performed under the same or similar circumstances in representing indigent defendants in criminal matters.

Trial courts might be well advised to consider the methods employed in fixing fees for other professional services rendered at public expense.

Writ sustained.