**IN THE COURT OF APPEALS OF IOWA**

No. 19-1342
Filed July 22, 2020

IN THE MATTER OF THE JOAN T. GOETZINGER LIVING TRUST DATED MAY 30, 2014,

GAIL M. MILLER,
      Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Wittig, Judge.

A former trustee appeals the district court's refusal to order payment of all of her and her attorney's fees from the trust. **AFFIRMED.**

Alyssa M. Carlson of O'Connor & Thomas, P.C., Dubuque, for appellant.

Gary Dickey of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellee Matthew Boleyn.

Susan M. Hess of Hammer Law Firm, PLC, Dubuque, for appellee Gladys M. Goetzinger-Strachan.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**AHLERS, Judge.**

Joan Goetzinger established a trust in 2014 that became irrevocable upon her death in 2015. The trust was expressly designed to benefit Joan's mother, Gladys Goetzinger-Strachan, after Joan's death. The trust document stated the trustee "shall have no obligation to preserve principal for the remainder beneficiaries." There were six named remainder beneficiaries who were to receive the remaining trust assets, if any, after Gladys's death.

One of the named remainder beneficiaries was Gail Miller. Miller was a friend of Joan. The trust document named Miller as successor trustee upon Joan's death. After Joan died, Miller began serving in her capacity as successor trustee. That is where the problem started.

Almost immediately after starting her duties as trustee, Miller began controlling the assets of the trust in a way that Gladys perceived as stingy. Miller refused to purchase such basics for Gladys as hearing aids, a lift chair, or a stair lift, which was necessary to allow Gladys, who was eighty-eight years old at the time, to get to the bathroom on the second floor of her residence. This left the impression that Miller was more interested in preserving trust assets for herself and the other remainder beneficiaries than she was in providing for Gladys's needs. Not surprisingly, this drew the ire of Gladys, who filed this action to seek judicial oversight of the trust that was otherwise operating without court supervision. Gladys sought to have Miller removed as trustee and to require the distribution of funds from the trust that would enable Gladys to obtain the requested hearing aids, lift chair, and stair lift. Very soon into the judicial proceedings, Miller also drew the ire of the district court, as she continued to refuse to purchase the

previously mentioned items in spite of the district court's directions to do so, while seeming to spare no expense in fighting Gladys on nearly every issue.

It was only after nearly one and one-half years of repeated court orders and threats of contempt sanctions that Gladys was able to obtain the requested items. Additionally, Miller was persuaded to resign as trustee in April 2017, but not before procuring a purported settlement agreement that seemed designed for her benefit rather than Gladys's, as it sought to release Miller from liability while also changing the terms of the trust to curtail discretionary spending for Gladys's benefit. The district court accepted Miller's resignation, but the court reserved deciding whether to approve the settlement agreement until the trustee that replaced Miller had a chance to review it. The district court also reserved ruling on whether fees claimed by Miller or for Miller's attorney should be paid from the trust due to the district court's concern over the amount of fees claimed. The district court directed Miller and her attorney to submit detailed information in support of their fee claims.

After the replacement trustee reviewed the settlement agreement, he objected to the agreement, pointing out its lopsided nature in Miller's favor. The district court refused to accept the settlement agreement. That decision has not been appealed.

The issue resulting in this appeal is the claim for fees submitted by Miller and her attorney. For the period of approximately twenty-seven months Miller served as trustee before her resignation, Miller claimed trustee fees and expenses of $42,059.81, and Miller's attorneys claimed fees and expenses of $73,989.83 (later reduced to $62,958.83).

As to trustee fees and expenses, the court found Miller overstated the number of hours expended on certain tasks, failed to provide adequate explanation of what tasks were performed to support some claimed work for the benefit of the trust, and failed to include adequate explanation as to how some expenses benefited the trust. The court also found "no authority within the trust documents to permit" Miller's claims of $30,000.00 for "investment services." Furthermore, due to Miller breaching her fiduciary duties to the trust, the court rejected trustee fees for her claims arising after November 4, 2016. Accordingly, the district court authorized the trust to reimburse Miller for a total of $8505.20 in trustee fees and expenses.

Of the $62,958.83 claimed for Miller's attorney fees and expenses, the district court authorized the trust to pay a total of $3745.50. The district court determined this figure as the amount incurred for preparation of tax filings and the annual report for 2016. The district court determined all other attorney fees and expenses incurred were related to Miller's efforts to avoid responsibility for her failure to fulfill her duties as trustee, so such fees and expenses would remain Miller's responsibility and not the trust's.

## I.    Issues Presented.

Miller appeals the district court's ruling. She claims: (1) the services she rendered necessitated payment of the claimed fees and expenses[1]; (2) the district

---

[1] Miller also argues the district court incorrectly found Miller's actions were self-serving. We combine this argument with her argument that the services rendered necessitated payment, as the arguments are intertwined.

court was not impartial; and (3) the services rendered by her attorneys necessitated payment of the amount claimed.

**II.     Standard of Review and Governing Statutes.**

To resolve this trust dispute, we begin with Iowa Code chapter 633A (2017), the Iowa Trust Code.  With respect to trustee fees, such fees are governed by Iowa Code section 633A.4109.  *See In re Estate of Gaeta*, No. 13-1719, 2014 WL 5862037, at *6 (Iowa Ct. App. Nov. 13, 2014).  We review objections to a fiduciary's final report de novo.  *See In re Barkema Trust*, 690 N.W.2d 50, 53 (Iowa 2004).  While review is de novo, considerable discretion is given to the district court in the allocation of trustee fees.  *See In re Woltersdorf*, 124 N.W.2d 510, 511 (Iowa 1963) ("The matter of fees for executors and trustees rests within the sound discretion of the trial court.").  Regarding attorney fees, Miller argues Iowa Code section 633A.4507 does not apply, claiming that section only applies to an award of a beneficiary's attorney fees.  Instead, she argues, attorney fees are governed by section 633.200, located in the probate code.  We disagree.

Starting with her argument that section 633.200[2] governs, we note such section applies to "fiduciaries."  "Fiduciary" is defined by Iowa Code section 633.3(17) to include a trustee, but only "the trustee of any trust described in section 633.10."  The trust involved in this case is not of the type described in section 633.10.[3]  Therefore, Miller is not a fiduciary as that term is defined for purposes of

---

[2] Iowa Code section 633.200 states, in pertinent part: "The court shall allow and fix from time to time the compensation for fiduciaries, other than personal representatives, and their attorneys for such services as they shall render . . . ."

[3] Iowa Code section 633.10(4) states, in pertinent part:

chapter 633, and section 633.200 does not apply. Since the trust at issue is not one of the types of trusts described in section 633.10, the trust is governed by chapter 633A. *See* Iowa Code § 633.10(4)(c) ("A trust not described in paragraph 'a' shall be governed exclusively by chapter 633A . . . ."). As a result, Miller's attorney-fee claims are governed by sections 633A.4110 and/or 633A.4507.

As to Miller's argument that section 633A.4507 applies only to the award of a beneficiary's attorney fees, the argument is rebutted by the language of the statute:

> In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney fees, to any party, to be paid by another party or from the trust that is the subject of the controversy.

Iowa Code § 633A.4507. By its express terms, this section applies to an award of attorney fees to *any party*. Nothing in the statute confines its application to a beneficiary's attorney fees.

Turning to the standard of review on the attorney-fee issue, attorney-fee awards are reviewed for an abuse of discretion. *See In re Trust No. T-1 of Trimble*,

---

> In addition to the jurisdiction granted the district court under the trust code, chapter 633A, or elsewhere, the district court sitting in probate shall have jurisdiction of:
> . . . .
> 4. Trusts and trustees.
> a. The ongoing administration and supervision, including but not limited to the appointment of trustees, the granting of letters of trusteeship, trust administration, and trust settlement and closing, of the following trusts:
> (1) A trust that was in existence on July 1, 2005, and that is subject to continuous court supervision.
> (2) A trust established by court decree that is subject to continuous court supervision.

826 N.W.2d 474, 482 (Iowa 2013). The district court abuses its discretion when the "ruling is based on grounds that are unreasonable or untenable." *Id.*

### III. Discussion.

As mentioned, Miller makes three arguments. We address each in turn.

### A. Trustee Fees and Expenses.

Miller was entitled to compensation in some amount. The trust document did not specify the trustee's compensation, other than to state the trustee was entitled to "reasonable compensation." Therefore, Miller's compensation was limited "to compensation that is reasonable under the circumstances." Iowa Code § 633A.4109. On our de novo review, we agree with the district court's determination of Miller's fees and expenses.

Miller's claim for $30,000.00 of fees for "investment services" based on calculations of one percent per year of the trust value is not warranted by the trust document. The trust document did not allow compensation calculated with this formula—a fact that is conceded in Miller's brief. With no such specified compensation, the district court properly rejected this $30,000.00 of Miller's claim.

As for the remaining $12,059.81, we agree with the district court's determination that some of Miller's claimed hours did not include adequate explanation as to how they were related to matters concerning the trust. We also agree with the district court's determination that significant amounts of Miller's time were spent not in fulfilling her obligations to Gladys, but trying to shirk her responsibilities to Gladys. Miller had the obligation to "administer the trust solely in the interest of the beneficiaries." *Trimble*, 826 N.W.2d at 490 (quoting Iowa Code section 633A.4202(1)). In this case, that beneficiary was Gladys. Miller's

foot-dragging in providing such basic things as the hearing aids, lift chair, and stair lift, even after being repeatedly directed to provide those items, resulted in numerous unnecessary hearings and time investment by Miller and was a failure to fulfill her duties as trustee. Miller was not entitled to compensation for the extra work and expenses necessitated by her conduct. The district court's determination of Miller's fees and expenses was appropriate.

### B. Impartiality of the District Court.

Miller also challenges the district court's ruling on the basis that the district court was not impartial. We agree with the replacement trustee's assertion that Miller failed to preserve error on this issue. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id*. The appellate court will not decide a case based on a ground not raised in the district court. *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002). Here, Miller cites to comments made by the district court at various hearings throughout the life of this case as proof of the district court's lack of impartiality. Yet, in spite of the fact that the claimed impartiality was displayed at numerous hearings, Miller never once moved to disqualify the judge or otherwise brought the issue to the district court's attention. We understand that challenging a judge's impartiality is an uncomfortable undertaking that takes a fair amount of courage. But if a party has enough courage to raise a claimed transgression on appeal, the party needs to have enough

courage to raise it before the district court when remedial measures can still be taken.  Since it was not raised below, we do not address it here.

### C.      Attorney Fees and Expenses.

Much like trustee fees, the obligation to reimburse the trustee for attorney fees and expenses incurred by the trustee is limited to those that are reasonable. *See* Iowa Code §§ 633A.4110,[4] .4507.[5]  As to the interplay between sections 633A.4110 and 633A.4507, in considering whether to require a trust to pay the fees and costs of the trustee, a court "should first consider whether the expenditures were properly incurred in the administration of the trust or otherwise benefited the trust."  *Trimble*, 826 N.W.2d at 492.  Once it is determined that section 633A.4110 does not defeat a right to reimbursement, courts should then proceed to consider section 633A.4507.  *Id.*  The factors to consider under section 633A.4507 include:

> (a) reasonableness of the parties' claims, contentions, or defenses; (b) unnecessarily prolonging litigation; (c) relative ability to bear the financial burden; (d) result obtained by the litigation and prevailing party concepts; and (e) whether a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons in the bringing or conduct of the litigation.

*Id.* at 491 (quoting *Atwood v. Atwood*, 25 P.3d 936, 947 (Okla. Civ. App. 2001)).

---

[4] Iowa Code section 633A.4110 states:
> A trustee is entitled to be repaid out of the trust property, with interest as appropriate, for all of the following expenditures:
>    1.  Expenditures that were properly incurred in the administration of the trust.
>    2. To the extent that they benefited the trust, expenditures that were not properly incurred in the administration of the trust.

[5] "In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney fees, to any party, to be paid by another party or from the trust that is the subject of the controversy."  *Id.* § 633A.4507.

Here, the district court found that most of the attorney fees claimed by Miller were not incurred in the administration of the trust or otherwise did not benefit the trust. We find no abuse of discretion in this determination. The record shows this to be a fairly uncomplicated trust. Besides two residences, the remainder of the trust assets were in liquid investment or bank accounts. There was one beneficiary to serve, and the trust document expressly relieved Miller of any obligation to preserve principal for remainder beneficiaries. In spite of this simplicity, Miller chose to resist her obligations and hired counsel to help. At least eight attorneys and one paralegal became involved. And for what? Primarily to fight with the beneficiary over her request for hearing aids, a lift chair, and a stair lift to help her get to her bathroom. This action by Miller and her counsel resulted in claimed trustee fees and attorney fees that very likely greatly exceeded the beneficiary's requests with which Miller quibbled. Based on these circumstances, we agree with the district court's limitations on the trust's reimbursement obligation to Miller's attorneys and find no abuse of discretion.

## IV. Conclusion.

We have considered all arguments asserted by Miller, whether addressed herein or not, and find them unpersuasive. Accordingly, we affirm the district court's ruling in its entirety.

**AFFIRMED.**