IN RE ESTATE OF HULDA LINDELL.

No. 43143.

OCTOBER 15, 1935.

E. A. Anderson, for appellants.

G. C. Stuart and A. V. Hass, for appellee.

ANDERSON, J.—This involves appeals from certain orders in probate fixing attorney's fees and administrator's compensation and determining certain other minor objections to the administrator's final report.

There is little dispute in the fact questions. Hulda Lindell, an unmarried lady, died testate on the 3d day of August, 1932. At the time of her death, she was the owner of an eighty-acre farm upon which she lived, together with some personal property. The farm was incumbered for something over $2,400. The appellant here is the administrator with will annexed of the estate. He was appointed temporary administrator, filed

an inventory, and conserved the assets of the estate until his final appointment as administrator. He was allowed and paid compensation for his service as temporary administrator. It developed that the proceeds of the personal property of the estate were insufficient to pay the claims due from the estate, including the expenses of the administration, and application was made for the sale of the eighty-acre tract, and the land was finally sold for the expressed consideration of $4,400. The amount due upon the mortgage was deducted from the purchase price and the administrator actually received, as the proceeds from such sale, $1,955.69. The existing mortgage on the real estate was paid by the execution and delivery by the purchaser of a new mortgage running to the holder of the first mortgage, and the first mortgage was satisfied and canceled. It is the contention of the appellant administrator that he is entitled to an allowance under Section 12063 of the 1931 Code for the entire amount of the sale price of the real estate including the amount of the mortgage incumbrance. The trial court in making the allowance for compensation for ordinary services of the administrator deducted the amount of the mortgage incumbrance from the expressed sale price of the real estate, and this is one of the items included in the final order of the court of which appellant complains in this appeal. The administrator also asked for the sum of $100 for extraordinary services rendered the estate, and this item was allowed by the court in the sum of $50. This is the other item included in the court's order of which the appellant complains.

Section 12063 of the Code provides:

''Executors and administrators shall be allowed such reasonable fee as may be determined by the court, for services rendered, but not in excess of the following commissions upon the personal estate sold or distributed by them and for the proceeds of real estate sold for the payment of debts by them which shall be received as full compensation for all ordinary services:

For the first one thousand dollars, six per cent.

For the overplus between one and five thousand dollars, four per cent.

For all sums over five thousand dollars, two per cent.''

Section 12064 of the Code provides for the allowance of attorney's fee for the administrator's attorney, such reasonable

fee as may be determined by the court, but not in excess of the above schedule.

Section 12065 provides that an additional allowance may be made by the court, which shall be just and reasonable, for actual necessary, and extraordinary expenses or services.

 The appellant mistakenly assumes that the administrator is entitled, under the statute quoted, to the percentages therein fixed, but we cannot agree with the appellant's interpretation of the statute. The language of the statute is plain and unambiguous and permits no construction other than is indicated by the plain and definite language of the section. The section provides that administrators shall be allowed such reasonable fee *as may be determined by the court, not in excess*, however, of the percentages indicated in the section. And section 12065 provides that just and reasonable compensation *may be* allowed by the court for extraordinary expenses or services. There is no claim here that the court abused its discretion in fixing the regular compensation or the amount to be allowed for extraordinary services, but simply that the court erred in computing the statutory commissions and erred in denying the administrator the full amount claimed for extra services.

 We do not think that the full amount of the expressed consideration for the sale of the real estate should have been considered by the court in determining the amount of compensation to be allowed, and there was no error in computing the compensation to be allowed the administrator upon the amount actually received by him as the proceeds of the sale of the real estate. Furthermore, the answer to the claims now made by the administrator is that under the statute the compensation to be allowed must be determined by the court, and there is no requirement that the court allow the statutory percentages in any case. The statute only provides that a reasonable fee may be determined by the court and that the court may make such allowances as are just and reasonable for extraordinary expenses and services. This is determinative of the issues raised by the appellant. We have carefully considered the items as included in the final report and as considered by the trial court, and find that the trial court very considerately and carefully took into account all of the claims and items of the appellant, as well as the claims and objections of the appellee, involved in the cross-appeal, and we conclude that no error was committed by the trial court in the

434

disposition of the issues. The motion to dismiss the appeal is overruled.

The appeals really present only "a tempest in a teapot". The case is affirmed on both appeals.—Affirmed.

KINTZINGER, C. J., and MITCHELL, DONEGAN, HAMILTON, RICHARDS. and POWERS, JJ., concur.