IN RE ESTATE OF ENGELKE J. ENGELKES, deceased.

JOHN RAY KLOSTERBOER, administrator, et al., appellants, v. O. J. ENGELKES et al., appellees.

No. 51190.

(Reported in 127 N.W.2d 111)

MARCH 10, 1964.

Lundy, Butler & Wilson, of Eldora, for appellants.

Beecher, Buckmaster, Beecher & Lindeman, of Waterloo, for appellees except Alma Smith.

GARFIELD, C. J.—The administrator, his attorneys and eight of eleven heirs of an intestate have appealed from a probate order fixing fees for the administrator and attorneys. It is claimed

the amounts allowed are inadequate. We find insufficient grounds for interfering with the order.

Decedent is the E. J. Engelkes referred to in Klosterboer v. Engelkes, 255 Iowa 1076, 125 N.W.2d 115. He died February 3, 1961. The cited decision affirms the trial court's holding decedent had effectively deeded his fractional 240-acre farm on March 12, 1942, to two brothers, reserving to himself a life estate. The two brothers and a sister are appellees herein.

Appellants' main complaint is that in allowing the so-called statutory fees for ordinary services of the administrator and his attorneys the court erroneously failed to include the value of the farm as part of the estate on which they say fees should be computed. Value of the farm for inheritance tax purposes was finally fixed at $64,190.50. Two percent of this amount is $1283.81 which appellants contend should have been added to the $355 the administrator and his attorneys were each allowed.

The administrator was reimbursed $122.04 for expenses incurred by him and the attorneys $324.52 for expenses they incurred. In addition the attorneys were allowed $1400 for extraordinary services in connection with a partition action they instituted for the administrator against the brother with whom decedent was a partner in farming. As a result of the action the administrator was awarded the half interest he claimed in the personal property on the farm and the partnership bank account. This interest amounted to $11,798.17. The percentage of this amount set out in sections 638.23, 638.24, Codes, 1958, 1962, infra, is substantially $355, the sum allowed here.

No complaint is made of the allowance of $1400 to the attorneys for extraordinary services. The partition action took one day and two half days to try. The attorneys' time slips show 93½ hours devoted to the action, 17½ of which were in court and four hours taking depositions. The same attorneys were also allowed a fee of $500 as attorneys for the referee in the partition action. The referee also received $500. The brother-partner purchased the estate's half interest in the property and bank account which was the subject of the action.

The administrator estimates—he evidently kept no record— he spent about 72 hours in settling the estate, including the

time in court on the partition suit and when the **depositions** therein were taken. He lives in Grundy Center, his attorneys in Eldora. A round trip between the two places is about 35 miles. The administrator first testified he made five or six trips to see his lawyers but finally says there were 21. He also made trips to see the other heirs. His mileage expense was included in the expenses for which he was reimbursed.

A Waterloo attorney who had been a district **judge about** four years in the district which includes Grundy Center **testifies** that from his examination of the court files in the partition action and the estate proceeding and listening to the appellant-attorneys' bookkeeper testify, their fee for ordinary services "should be based upon the statutory provision." Also that he would include all the property listed in the preliminary inheritance tax report in arriving at the amount and he **thought that** would be the reasonable fee regardless of the time spent.

■ I. The rules of law applicable to this appeal are not complicated or difficult. Both sides cite several of the same precedents. It is important to keep in mind this is a probate action not reviewable de novo here. Authorities need not be cited for the proposition that the trial court's findings are binding upon us if supported by substantial evidence. See rule 344(f)1, Rules of Civil Procedure. Since the controversy involves fact questions to a considerable extent it is apparent this familiar rule places a rather heavy burden upon appellants. In re Estate of Lenders, 247 Iowa 1205, 1212, 78 N.W.2d 536, 540, and citations.

■■ We interfere with such an order as this only if it lacks adequate support in the evidence. We will increase such allowances only if manifestly insufficient. We have frequently held the trial court has considerable discretion in allowing compensation to administrators and their attorneys. But the exercise of such discretion must be reasonable, not arbitrary. We have observed that the duties and responsibilities of administrators and their attorneys have increased in recent years. The burden of showing the services rendered and the value thereof rests upon claimant.

See in support of these views In re Estate of Myers, 238

Iowa 1103, 1106, 1107, 29 N.W.2d 426, 427, 428, and citations; In re Estate of Rorem, 245 Iowa 1125, 1130, 1131, 66 N.W.2d 292, 295, 47 A. L. R.2d 1089; Tilton v. Iowa Power & Light Co., 250 Iowa 583, 590, 94 N.W.2d 782, 786; Nelson v. Iowa State Highway Comm., 253 Iowa 1248, 1256, 1257, 115 N.W.2d 695, 699, 700. See also In re Trusteeship of Woltersdorf, 255 Iowa 914, 915, 916, 124 N.W.2d 510, 511.

The court was not bound to accept as a verity the opinion testimony of the attorney-witness. The court itself was an expert as to what are reasonable fees. In re Estate of Rorem, supra, at page 1132 of 245 Iowa, page 296 of 66 N.W.2d; Tilton and Nelson cases, supra; Kellerhals v. Kallenberger, 251 Iowa 974, 982, 103 N.W.2d 691, 696, and citations. We may observe that the same judge heard the controversy over fees, the partition action and the suit involving the validity of the deeds from decedent to his two brothers. Also the same attorneys appeared on each side of all three proceedings.

II.  These Code sections have application here:

"638.23 Compensation. Executors and administrators shall be allowed such reasonable fee as may be determined by the court, for services rendered, but not in excess of the following commissions upon the gross assets of the estate listed in the probate inventory for Iowa inheritance tax purposes which shall be received as full compensation for all ordinary services:

"For the first one thousand dollars, six percent.

"For the overplus between one and five thousand dollars, four percent.

"For all sums over five thousand dollars, two percent.

"638.24 Attorney fee. There shall also be allowed and taxed * * * as an attorney's fee for the administrator's or executor's attorney, such reasonable fee as may be determined by the court, for services rendered, but not in excess of the schedule of fees herein provided for administrators and executors.

"638.25 Expenses and extraordinary services. Such further allowances as are just and reasonable may be made by the court to administrators, executors, and their attorneys for actual necessary and extraordinary expenses or services. Necessary and

extraordinary services shall be construed to also include services in connection with real estate and tax matters."

Code section 635.1 provides that the probate inventory shall include, among other matters, decedent's real estate, "giving amount, and an accurate description of each tract."

By section 450.3(3) a state inheritance tax is imposed on property transferred in which the transferor reserves to himself a life estate. We may assume decedent's farm, in which a life estate was reserved, was subject to this tax.

III. As previously indicated, the principal argument for appellants is that the court intended to allow "the full statutory ordinary fees, but erroneously excluded the real estate in computing the allowance." We are told the court would not have allowed extraordinary fees to the attorneys unless he thought the maximum ordinary fees had been allowed and they were inadequate.

We have no way of knowing what was in the court's mind except by the language of his order. It contains findings that a reasonable and proper fee for the administrator and his attorneys for regular services in probate of the estate should be $355 for each, they should be reimbursed for the expenses incurred and the attorneys were allowed $1400 for extraordinary services in the partition action.

We are confident appellant-attorneys ably urged in the trial court the contention they make here that the value of the real estate should be included in the amount on which the percentages referred to in sections 638.23, 638.24 are to be computed. The court was not bound to accept the argument. The statute provides for the allowance of "such reasonable fee as may be determined by the court, for services rendered, but not in excess of the following" percentages. The court's problem was to determine what were reasonable fees for the services rendered, but not to exceed the named percentages.

In effect appellants would require trial courts to allow the statutory percentages as a matter of right even under such circumstances as we have here with regard to the real estate. The statutory percentages are evidently thought to be the minimum, as well as the maximum fee allowable. We have previously

rejected such contentions. Indeed we have held "there is no requirement that the court allow the statutory percentages in any case." In re Estate of Lindell, 220 Iowa 431, 433, 262 N.W. 819. To like effect is In re Estate of Hale, 231 Iowa 1018, 1026, 2 N.W.2d 775, 780. See also In re Estate of Lipp, 209 Iowa 409, 413, 227 N.W. 913.

The trial court may have felt that to allow the administrator and his attorneys each an additional $1283.81 because the real estate was listed in the inventory would be unjust to the heirs. None of the land or proceeds from its sale went to them. Decedent had effectively conveyed it to his two brothers-appellees nearly 19 years before he died. The land passed to the grantees of the deeds under those instruments, not through the estate. See as somewhat in point what is said in In re Estate of Myers, supra, 238 Iowa 1103, 1111, 29 N.W.2d 426, 430, and citation.

We have referred to the discretion trial courts have in allowing fees to administrators and their attorneys. To adopt appellants' argument would seem to leave courts with little discretion in matters of this kind. In any event we are not persuaded there was an abuse of discretion here.—Affirmed.

All JUSTICES concur.