**In the Matter of the ESTATE OF
Arthur I. BOLTON, Deceased,**

**Appeal of Bryce BOLTON.**

**No. 86–247.**

Court of Appeals of Iowa.

Jan. 28, 1987.

Roger A. Huddle, of Weaver & Huddle, Wapello, for appellant.

James M. Adams, of Hirsch, Adams, Hoth & Kaskel, Burlington, for appellees.

William L. Matthews, of Hicklin & Matthews, Wapello, for amici curiae, E.A. Hicklin and James J. Elson.

Heard by DONIELSON, P.J., and SCHLEGEL, and SACKETT, JJ.

SACKETT, Judge.

Appellant Bryce Bolton, a co-executor and beneficiary of the estate of his father Arthur I. Bolton, appeals from the trial court's order fixing ordinary and extraordinary fees for attorney E.A. Hicklin and extraordinary fees for attorney James J. Elson. The other co-executors of the estate, decedent's daughter Joyce Mattson and First National Bank of Burlington, jointly filed an appellee's brief arguing the attorney fee awards should be upheld. Joyce Mattson is also a beneficiary of her father's estate.

Both attorneys were served with timely notice of the appeal. They filed as amici curiae brief arguing the fee award should be upheld. We determine the attorneys are appellees in the present case. We treat their brief as an appellee's brief.

Decedent Arthur Bolton, a widower, died testate on September 7, 1984. His estate was opened for probate on September 14, 1984. Bryce Bolton and Joyce Mattson were named co-executors in decedent's will. They qualified as co-executors and designated E.A. Hicklin, an Iowa attorney, as attorney for the estate.

James Elson, an Illinois attorney, was hired to handle the ancilliary administration of property in Illinois. There is no designation of Elson as an attorney in the Iowa estate nor is there an order authorizing Elson's employment by Hicklin or the executors.

In November, 1985, appellee First National Bank of Burlington, was appointed as a third co-executor. The bank qualified as an executor and was authorized to employ a new attorney.

In January, 1986, Hicklin and Elson filed a joint petition for compensation. Hicklin requested ordinary and extraordinary fees and expenses. Elson asked for extraordinary fees and expenses. Bryce Bolton objected to both applications. A hearing was held.

After the hearing, the trial court entered an order fixing attorney fees and expenses. The trial court granted Hicklin the following:

1. $5,792.00 for ordinary services;
2. $17,302.00 for extraordinary services;
3. $788.62 for expenses.

The trial court also granted Elson the following:

1. $3,882.40 for extraordinary services;
2. $390.07 for expenses.

Bryce Bolton appeals from these fee awards. We find it necessary to address three issues:

1. The award of extraordinary fees and expenses to Elson;
2. The award of ordinary fees and expenses to Hicklin;
3. The award of extraordinary fees to Hicklin.

■ A hearing on allowance of attorney fees stands in equity and thus is reviewable de novo. *Matter of Estate of Simon*, 288 N.W.2d 549, 551 (Iowa 1980); *Estate of Bass v. Bass*, 196 N.W.2d 433, 435 (Iowa 1972).

## I. Attorney Elson

■ We first address the claim of attorney Elson. Elson apparently handled the administration of decedent's property in Illinois. Elson is not licensed to practice law in the State of Iowa. The only person designated as an attorney in the Iowa estate is Hicklin. The executors have not designated him as an attorney for the Iowa estate nor is there any authorization of any kind for Elson to act as attorney for the executors in the Iowa estate. None of the executors made application for Elson's fee to be paid.

Subject matter jurisdiction for the court to award attorney fees in an estate is granted under Iowa Code Chapter 633 (1985). We find no authority under that chapter for the Iowa court to award attorney fees to Elson under these circumstances. *See In re Marriage of Jensen*, 251 N.W.2d 252, 254 (Iowa 1978) (Court denied attorney fees holding there was then no authority under Iowa Code Chapter 598 to award the requested fees); *Conkling v. Conkling*, 185 N.W.2d 777, 787 (Iowa 1971) (Court refused to extend statutory amount for attorney fee award to award fees for previously filed action). *See also In re Marriage of Havener*, 240 N.W.2d 670

(Iowa 1976); *In re Marriage of Zoellner*, 219 N.W.2d 517 (Iowa 1974); *Dworak v. Dworak*, 195 N.W.2d 740 (Iowa 1972).

By this holding we make no determination whether the claimed fee is or is not due and owing to Elson. The order is modified to strike the attorney fee and expense award made to Elson.

## II. Attorney Hicklin's Ordinary Fees

We next address the ordinary fees ordered paid to Hicklin. Iowa Rule of Probate Procedure 2 sets forth procedures governing fees in probate:

(a) Every report or application requesting an allowance of fees for personal representatives or their attorneys shall be written and verified as provided in section 633.35, The Code.

(b) When fees for ordinary services are sought pursuant to Iowa Code sections 633.197 and 633.198, proof of the nature and extent of responsibilities assumed and services rendered shall be required. Unless special circumstances should be called to the court's attention, the contents of the court probate file may be relied upon as such proof. In determining the value of gross assets of the estate for purposes of section 633.197, the court shall not include the value of joint tenancy property excluded from the taxable estate pursuant to section 450.3(5) or the value of life insurance payable to a designated beneficiary.

\* \* \* \* \* \*

(d) One half of the fees for ordinary services may be paid when the federal estate tax return, if required, and Iowa inheritance tax return, if required, are prepared. When an inheritance tax return is not required, an inheritance tax clearance must be filed. When a federal estate tax return is not required, the one-half fee may be paid when the Iowa inheritance tax return is prepared or, when it is not required, when the inheritance tax clearance is filed. The remainder of the fees may be paid when the final report is prepared and the costs have been paid. The schedule for paying

fees may be different when so provided by order of the court for good cause.

(e) Every report or application requesting compensation for other fiduciaries and their attorneys pursuant to section 633.200, The Code, shall be written and verified.

(f) When compensation has been allowed to a person employed by the fiduciary or attorney to assist the estate pursuant to section 633.84, The Code, the request for fees by the fiduciary shall disclose the identity of such person and the amount allowed, for consideration by the court in determining fees for the fiduciary pursuant to section 633.86, The Code. Amended by S.Ct.Report of Sept. 5, 1985, effective Nov. 15, 1985.

Iowa Code § 633.197 (1985) provides that personal representatives shall be allowed such reasonable fees as may be determined by the court for services rendered, but not in excess of the following commissions upon the gross assets of the estate listed in the probate inventory for Iowa inheritance tax purposes, which shall be received as full compensation for all ordinary services:

For the first one thousand dollars, six percent;

For the overplus between one and five thousand dollars, four percent;

For all sums over five thousand dollars, two percent.

Iowa Code § 633.198 (1985) provides:

There shall also be allowed and taxed as part of the costs of administration of estates as an attorney's fee for the personal representative's attorney, such reasonable fee as may be determined by the court, for services rendered, but not in excess of the schedule of fees herein provided for personal representatives.

Iowa Code § 633.199 (1985) also provides:

Such further allowances as are just and reasonable may be made by the court to personal representatives and their attorneys for actual necessary and extraordinary expenses or services. Necessary and extraordinary services shall be construed to also include services in connection with real estate, tax matters, and litigated matters.

■ These sections are founded on quantum meruit; personal representatives and their attorneys are entitled to the reasonable value of their ordinary services not exceeding the specified percentages, and to the reasonable value of their extraordinary services, if any. *Simon*, 288 N.W.2d at 550; *In re Estate of Engelkes*, 256 Iowa 213, 218–19, 127 N.W.2d 111, 114 (1964); *Glynn v. Cascade State Bank*, 227 Iowa 932, 937–38, 289 N.W. 722, 724–25 (1940). In *Simon* the court stated:

The statutory fee allowed for executors and attorneys in Iowa is not a mandatory fee but a maximum fee for the customary work in estates.

*Simon*, 258 N.W.2d at 551. In Iowa we do not have a "statutory fee" of certain percentages of estate assets. *Id.* The Iowa statutory probate fee is the reasonable value of the services rendered. *Id.* The statutory percentages come into play only as the ceiling on fees for ordinary services. *Id.* In *In re Estate of Lindell*, 220 Iowa 431, 433, 262 N.W. 819, 820 (1935), the court said:

The appellant mistakenly assumes that the administrator is entitled, under the statute quoted, to the percentages therein fixed, but we cannot agree with the appellant's interpretation of the statute. The language of the statute is plain and unambiguous and permits no construction other than is indicated by the plain and definite language of the section. The section provides that administrators shall be allowed such *reasonable fee* as may be determined by the court, *not in excess*, however, *of the percentages indicated in the section.* And section 12065 provides that just and reasonable compensation may be allowed by the court for extraordinary expenses or services. (emphasis added).

■ In determining a "reasonable" amount for a legal fee, a probate court may consider, as a factor among others, the size of the estate. *Simon*, 288 N.W.2d at 552. The size of an attorney's own exposure to

liability depends to a considerable extent upon the size of the matter he is handling. *Id.; Cameron v. Montgomery,* 225 N.W.2d 154, 155 (Iowa 1975).

 In endeavoring to ascertain a reasonable legal fee, relevant factors include the time necessarily spent by the attorney, the nature and extent of the service, the amount involved, the difficulty of handling and the importance of the issues, responsibility assumed, results obtained and the experience of the attorney. *Simon,* 288 N.W.2d at 552. *See Parrish v. Denato,* 262 N.W.2d 281, 285 (Iowa 1978); *Gabel v. Gabel,* 254 Iowa 248, 251, 117 N.W.2d 501, 503 (1962); 7 Am.Jur.2d *Attorneys at Law* §§ 236–44 (1963); 7 C.J.S. *Attorney & Client* § 191, at 1078–89 (1937). To a considerable extent the compensation of an attorney rests in the discretion of the court. Yet, as stated, this must be a reasonable degree of discretion. *Simon,* 288 N.W.2d at 552. The fee award ordered by the trial court must be reduced if clearly excessive. *In re Estate of Myers,* 238 Iowa 1103, 1106, 29 N.W.2d 426, 427 (1947).

With these principles in mind we review the evidence presented on the fee issue:

1. The court file;
2. The transcript of a hearing on an application to remove executors;
3. The application to fix fees;
4. The transcript of the hearing on application to fix fees.

 We are bound by the application filed. The burden is on the attorneys to justify the fee claimed. *Matter of Estate of Bruene,* 350 N.W.2d 209, 217 (Iowa App. 1984); *Myers,* 2338 Iowa at 1107, 29 N.W.2d at 427–28 (1947).

Bolton contends (1) Hicklin has not met the burden of showing he is entitled to fees; (2) Hicklin's fees are over three times greater than the statutory fee; (3) considerable work still needs to be done to close the estate.

Hicklin and the estate argue the fee award should be affirmed because among other things (1) the trial court did not abuse its considerable discretion in order-ing fees be paid; (2) Hicklin completed work normally done by the fiduciary; (3) Hicklin had difficulty finishing decedent's 1984 income tax returns; (4) Hicklin spent time selling decedent's stocks; (5) Hicklin had difficulty getting the decedent's stamps and coins appraised; (6) the co-executors did not agree and time was spent on a petition for removal of the co-executors; (7) that the itemized statement attached to the application for payment of fees contains over 130 separate entries and was meticulously prepared; (8) the court had the file to review. Hicklin also argues (1) Bryce Bolton offered no evidence the fees were excessive; (2) the fees were attributable in a large part to Bryce Bolton's attitude, an attitude which he argues is further exemplified by this appeal.

We consider the nature and complexity of the estate proceeding in reviewing the fee award.

### A. Assets and Liabilities of the Estate

Decedent's gross estate was inventoried at $392,693. Debts were estimated at $26,000. The assets of the estate include (1) a home in Wapello, Iowa, (2) an undivided one-third interest in 80 acres of land located in Illinois, (3) crops growing on the Illinois land, (4) stock in approximately 20 corporations, (5) Treasury bonds, (6) several money market certificates and bank accounts in the same bank, (7) miscellaneous property, including a vehicle, household goods, guns and stamp and coin collections.

### B. Will

Decedent's will gave $5,000 to the Wapello Presbyterian Church and $100,000 to a trust to be established for his seven grandchildren. The will provided the balance of decedent's property be divided between Bryce Bolton and Joyce Mattson. Bryce and Joyce were his only two children and are his heirs at law. All beneficiaries under the will were of legal age at the time of decedent's death.

### C. The Court File

The court file shows:

1. A detailed probate inventory has been filed.

2. Decedent was retired at the time of death.

3. No actions have been filed challenging decedent's will.

4. There are no unusual debts in the estate.

5. No claims were filed against the estate.

6. Decedent's personal residence has been sold. The will provided court approval for the sale of real estate was not necessary. No court approval was obtained.

7. Hicklin obtained a release of the federal estate tax lien on decedent's personal residence.

8. No federal estate tax closing letter has been filed. The federal estate tax return has been prepared but needs to be amended before it is filed.

9. No Iowa inheritance tax clearance has been filed. The Iowa inheritance tax return has been prepared but needs to be amended before it is filed.

10. No Iowa income tax acquittance has been filed.

11. No accounting has been filed or waived.

12. A fee application has not been made by the co-executors nor have the co-executors waived their fee.

13. No heirs have filed objections to the estate proceedings save the petition by the co-executor to remove the executors.

14. The trust provided for in decedent's will has not been established.

15. A final report has not been filed nor has a final order been obtained.

16. The estate has not been closed.

17. An interim report has not been filed with detailing what has been done and what needs to be done before the estate can be closed.

### D. Petition for Removal

Hicklin filed a petition in behalf of co-executor Joyce Mattson asking both co-executors be removed. Co-executor Bryce Bolton resisted the application and hired his own attorney. At the hearing on the petition for removal Bryce Bolton claimed Hicklin had not communicated with him and he wanted a new attorney appointed. The hearing lasted 24 minutes. Hicklin made brief statements to the court. Neither attorney advanced any legal arguments at the hearing.

### E. Attorney Fees Application

In Hicklin's attorney fee application he made the following statement:

Petitioner, E.A. Hicklin, was the resident attorney for the estate and performed both ordinary and extraordinary services. The administration of the estate being approximately 75 percent completed, E.A. Hicklin asks for compensation in the amount of $5,792.00 for ordinary services, that being 75 percent of the amount provided by statute.

Because of the multiplicity of assets and the non-residence and the controversies between the Co-Executors, it was necessary in order to proceed with the timely administration of this estate for Petitioner, E.A. Hicklin, to assume responsibility for and to perform extraordinary services as follows: Marshalling assets; procuring appraisals; overseeing, safeguarding and selling real and personal property; legal services for the conveyance of real estate; preparation of accounting and decedent's final income tax returns; various services concerning corporate securities; preparation of estate and inheritance tax returns; and, services with respect to controversies between the Co-Executors, including research, drafting pleadings and briefs, preparation for and attending hearing for the appointment of a disinterested, resident corporate Executor. A total of 229.0 hours was devoted to said extraordinary services for which this Petitioner asks compensation in the amount of $17,-302.00. In addition thereto this Petition-

er incurred necessary expenses, including the services of a legal assistant, in the amount of $788.62 which he asks be allowed. Attached to and by this reference made a part of this petition is an itemized statement of account and summary of said services and expenses, said statement showing credit for payment in the amount of $4,470.83.

■ The attached itemized statement showed dates and hours of time allegedly expended. The services claimed to be extraordinary are marked with an asterisk. A brief explanation of each item precedes the charge. Some explanations are fairly explanatory, many others are bare references and give the court no guide as to the service the attorney actually performed. The $4,470.83 is a payment Hicklin received on July 23, 1985, for expenses and one-half the statutory fee. There was no court order authorizing fees prior to payment. Fees in probate matters are to be received only *after* their authorization by the court. *Committee on Professional Ethics v. Coddington,* 360 N.W.2d 823, 825 (Iowa 1985).

Hicklin attached to his application the following summary of accounting:

| | Time | | | Fee |
|---|---|---|---|---|
| | | 3/4 statutory fee = | | |
| Ordinary services | 44 | 7723 x .75 | | 5792 |
| H.S. – House Sale | 4.3 | 45000 x 1% 450 | | |
| *– extraordinary services | 224.7 | @ 75.00 | 16852 | |
| total extraordinary services | 229 | | | 17302 |
| TOTALS | 273 | | | 23094 |
| Expenses, (including abstract continuation) | | | 445.62 | |
| L.A. – Legal Assistant | 9.8 | @ 35.00 | 343.00 | |
| TOTAL EXPENSES | | | | 788.62 |
| | | | | 23882.62 |
| Credits | | | | |
| 7/23/85 expenses to date + 1/2 estimated statutory fee | | | | (4470.83) |
| | | | | 19411.79 |

---

## F. Hearing on Fee Application

A hearing was held on the fee application. Hicklin appeared; Elson did not appear. Bolton and his attorney appeared. The hearing lasted approximately 20 minutes. Hicklin made very general statements at the hearing that (1) the co-executors lived in different states; (2) the co-executors had disputes; (3) the attorneys did all the work the co-executors would have done; (4) the tax accounting was difficult because there were no records. Hicklin's general statements are the only evidence in the record of these facts.

## G. Fees for Ordinary Services Rendered

■ It appears ordinary services were awarded by applying the alleged percentage of the estate completed to the maximum fee allowed by statute. Fees for ordinary services rendered should not be fixed in this manner. The percentage is merely a ceiling on fees. The statutory fee is a reasonable fee based on services rendered not in excess of the amount allowed by statute. *Simon,* 288 N.W.2d at 551.

The record made in the trial court is not sufficient to allow us to assess the reasonable value of ordinary services rendered to date and the reasonable value of anticipated ordinary services which will be necessary to close the estate. The fees for ordinary services should not be assessed in excess of the statutory maximum even though the ordinary legal services will be performed by two separate attorneys. *See Simon,* 288 N.W.2d at 551.

Hicklin shall within 30 days of the date of the filing of this decision file a report with the Louisa County District Court outlining the status of the estate as of the date of his application for fees. In the report he shall show the following:

1. The assets of the estate;
2. What assets were liquidated and how they were liquidated;
3. The status of the trust created by decedent's will;
4. The status of the debts in decedent's estate;
5. The tax status of the estate, (i.e., inheritance, income, federal estate tax).

We further direct Hicklin outline in said report the anticipated duties and responsibilities to be assumed by a new attorney to close the estate and his estimate of the time necessary for another attorney to close the estate.

Bryce Bolton shall have the right to object to the proposed fee and request a hearing within 10 days of the date of the filing of Hicklin's report.

After the filing of the report, or after the hearing if requested, the trial court shall consider the additional evidence and make an award of ordinary attorney fees for Hicklin. Any aggrieved party may appeal from the order at that time.

### III. Attorney Hicklin's Extraordinary Fees

Bryce Bolton complains Hicklin should not have been awarded extraordinary fees for determining the value of real and personal property in the estate, marshalling assets and selling personal property, attending to the property, preparing an accounting[1] and preparing the inheritance tax return. Bolton further complains he should not be required to pay fees for representation of Joyce Mattson's interest in seeking to remove the co-executors when Hicklin's position was adverse to his and Bryce wanted the attorney not the executors removed.

Iowa Rules of Probate Procedure 2(c) provides:

(c) When an allowance for extraordinary expenses or services is sought pursuant to section 633.199, The Code, the request shall include a written statement showing (1) the necessity for such expenses or services, (2) the responsibilities assumed, and (3) the amount of extra time or expense involved. In appropriate cases, the statement shall also explain the importance of the matter to the estate and describe the results obtained. The request may be made in the final report or by separate application. It shall be set for hearing upon reasonable notice, specifying the amounts claimed, unless waivers of notice identifying the amounts claimed are filed by all interested persons. The applicant shall have the burden of proving such allowance should be made.

In *Bruene,* this court stated:

In endeavoring to ascertain a reasonable legal fee, relevant factors include the time necessarily spent by the attorney, the nature and extent of the service, the amount involved, the difficulty of handling and the importance of the issues, responsibility assumed, results obtained, and the experience of the attorney.... "To a considerable extent the compensation of an attorney rests in the discretion of the court. Yet, as stated, this must be a reasonable degree of discretion."

*Bruene,* 350 N.W.2d at 217 (quoting *Glynn v. Cascade State Bank,* 227 Iowa 932, 289 N.W. 722 (1940)).

We agree Hicklin is not entitled to fees from the estate for advocating the position of one executor, Joyce Mattson, against another executor, Bryce Bolton. We further determine the other items claimed as extraordinary fees do not qualify for extraordinary fees except as hereafter determined.

We agree with the trial court Hicklin is entitled to extraordinary fees for the efforts expended in the sale of the personal

---

1. No accounting was filed.

residence. We affirm that award on 4.3 hours time expended at an hourly rate of $75 an hour, or $322.50. We find no basis for Hicklin's claim he is entitled to an additional one percent of the sale price of the house in addition to payment for time expended.

We vacate the award for extraordinary services in excess of $322.50 and remand to the trial court with the following directions.

■ We agree Hicklin may qualify for extraordinary fees for preparation of the federal estate tax return and decedent's income tax returns. The record is insufficient to determine the fees that should be awarded for these responsibilities. If Hicklin wishes to claim extraordinary fees for these responsibilities, he shall include in his report filed with the district court the following:

1. What claimed extraordinary hours were for income tax accounting and preparation and what claimed extraordinary hours were for preparation of the 706 form.

2. With respect to the extraordinary fees claimed, Hicklin should comply with Iowa Rule of Probate Procedure 2(c)(1), (2) and (3) and shall accurately describe the actual services performed.

We affirm the expense award of Hicklin of $445.62 but set aside the amount of $343.00 claimed expense for the legal assistant. There is no basis to compensate Hicklin additionally for expenses incurred in the ordinary operation of his office.

AFFIRMED IN PART, MODIFIED IN PART AND REMANDED WITH INSTRUCTIONS.