444 N.W.2d 482 (1989)
In the Matter of the ESTATE OF Arthur I. BOLTON, Deceased.
Joyce MATTSON, Appellant,
v.
Bryce BOLTON and First National Bank, Burlington, Iowa, Appellees.
No. 87-1252.
Supreme Court of Iowa.
August 16, 1989.
Russell R. Newell of Russell R. Newell Law Office, Columbus Junction, for appellant Joyce Mattson.
William Matthews of Hicklin & Matthews, Wapello, for appellant attorneys.
James M. Adams of Hirsch, Adams, Hoth, Krekel, Putnam & Cahill, Burlington, for appellees.
*483 Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and SNELL, JJ.
HARRIS, Justice.
To be effective, must a gift in the form of a bank check be accepted and honored by the drawee bank prior to the death of the donor? The authorities seem nearly unanimous that the answer is yes.
The facts are straightforward and undisputed. On August 28, 1984, Arthur Bolton wrote a check for $20,000 to his daughter, Joyce Mattson, intending to make an inter vivos gift. The check was drawn on the State Bank of Wapello and was mailed to Joyce in Maryland, where she was living. Joyce received the check on or before September 1, endorsed it, and mailed it to her bank in Baltimore with instructions to use it to establish a certificate of deposit in joint tenancy with her father. The Baltimore bank apparently received the check on September 4 and subsequently complied with Joyce's instructions. On September 7 Arthur Bolton died. His death was sudden and unexpected. The check was presented to and rejected by the drawee bank in Wapello ten days after Bolton's death.
The trial court ruled that the check was void as an inter vivos gift. The court of appeals reversed and we granted further review. Although the equities clearly favor Joyce, under the clear and controlling legal principles we are obliged to agree with the trial court.
I. The black letter rule of law has been stated as follows:
The general rule supported now by nearly all the cases on the subject is that the donor's check, prior to acceptance or payment by the bank, is not the subject of a valid gift either inter vivos or causa mortis. This is in accordance with the rules established by both the Uniform Negotiable Instruments Law and the Uniform Commercial Code that a check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it. The difficulty with respect to a gift of the donor's check, if the check does not operate as an assignment, is that mere delivery of the check to the donee or to some other person for him does not place the gift beyond the donor's power of revocation, prior to payment or acceptance. Moreover, there is the further consideration, if the check does not operate as an assignment, that the death of the drawer works a revocation of the check, so that where the check is intended as a gift causa mortis and the donor dies before payment or acceptance, the death revokes the gift. Thus, the death of the drawer effects a revocation of the alleged gift of a check not presented for payment until after such death ...
38 Am.Jur.2d Gifts § 65 at 869-70 (1968). See also 38 C.J.S. Gifts § 55 at 842 (1943); Annotation, Donor's Own Check as Subject of Gift, 38 A.L.R.2d 594 (1954).
The foregoing rule has long been recognized in Iowa. In re Estate of Knapp, 197 Iowa 166, 168-69, 197 N.W. 22, 23 (1924). Knapp is not entirely in point because the check in that case was payable ten days after death, but the case is authority that the quoted general principles apply here.
As noted in the language previously quoted, the rule now finds support in the uniform commercial code which states:
A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until the drawee accepts it.
Iowa Code § 554.3409(1).
Prior to the advent of the negotiable instruments law (predecessor to the uniform commercial code) we subscribed to a minority rule under which a check operated as an assignment. Under the assignment theory the check assigned the drawer's funds to the payee, up to the amount of the check. Our early cases so holding are listed in Leach v. Mechanics Sav. Bank, 202 Iowa 899, 904, 211 N.W. 506, 508 (1926). In Leach we however renounced our earlier view and subscribed to the general rule *484 that a check works no such assignment. Id. at 905, 211 N.W. at 508.
We have already noted that Joyce's position has decided appeal in terms of abstract fairness. Unfortunately for her the clear rule of law which governs the dispute is against her. We are obliged to apply it.
II. Although she contends otherwise, Joyce's position is not strengthened by the fact that the check qualifies as a negotiable instrument under Iowa Code section 554.3104. She was not a holder in due course because she did not acquire the check for value. See Iowa Code § 554.3302(1)(a). Because she was not a holder in due course Joyce held the check subject to all valid claims and defenses. See Iowa Code § 554.3306.
III. The court of appeals also considered an issue on which we did not grant further review. The case of Matter of Estate of Bolton, 403 N.W.2d 40 (Iowa App.1987), involved a dispute over attorney fees in the Bolton estate. The court of appeals found there was insufficient record to resolve the fee issue as it related to extraordinary fees and remanded for further proceedings in district court. Id. at 48. Following remand the district court acted on the fee issue and the attorneys again appealed by joining in the present appeal. The court of appeals affirmed on the fee issue as we took further review only on the application of the bank, not the attorneys. The appeal of the fee issue stands affirmed under the decision of the court of appeals.
DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.