In the Matter of the ANNE HAMILTON KILLIAN TRUST, for Benefit of Joan Killian HUNTER, et al., Dated March 4, 1959.

Todd HUNTER, Appellant/Cross–Appellee,

v.

J. Richard ROSSIE, Trustee of the Anne Hamilton Killian Trust, for Benefit of Joan Killian Hunter, et al., Dated March 4, 1959, Appellee/Cross–Appellant.

No. 93–114.

Court of Appeals of Iowa.

May 26, 1994.

Robert N. Downer and Timothy J. Krumm of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellant.

David A. Elderkin of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellee.

Heard by DONIELSON, C.J., and SACKETT and HABHAB, JJ.

DONIELSON, Chief Judge.

In 1959, Anne Killian executed an inter vivos trust agreement, providing upon her death, if her husband were not living, the trust property then would be divided into equal and separate trusts for her two chil-

dren, John Killian and Joan Killian Hunter. Joan had three children, Steele, Todd, and Scott. Under the residuary trust, Joan was to receive that portion of the income and principal as the trustees, in their sole discretion, determined was necessary for Joan's health, education, and maintenance. Such distributions were to continue for a period of twenty-one years after the death of the last surviving of Joan and her son, Sanderson Steele Bartlett, at which time the trust would terminate and the accumulated income and undistributed principal would be paid to the then surviving descendants of Joan Hunter.

The powers given the trustees were wide ranging. They were given all powers conferred by law to carry out and administer the terms of the trust. The trustees were not to be held liable for any depreciation in the value of any investments made in good faith.

J. Richard Rossie became trustee in 1987, after being approached by Joan and her son, Todd Hunter. In 1988, Joan informed the trustee the house in which she was living was in terrible shape and needed to be totally rehabilitated. The home is in an exclusive suburb of Los Angeles and is on the ocean. Joan indicated the home was worth between two and three million dollars, but with renovations, it would be worth at least six million. She informed the trustee she could contract most of the work herself and cut the price of restoration in half. Joan requested funds from the trust for the project in the form of loans, rather than an outright distribution to her.

The trustee loaned Joan the money in fifteen separate loans, each evidenced by a demand note, totaling $553,003.41, with annual interest of ten percent. He determined these loans would be a good investment for the trust and might benefit Joan's estate. Other loans in the amount of $350,000 had been made to Joan prior to 1987, but these loans had been forgiven. On August 24, 1992, a hearing was held regarding the trustee's annual reports. Joan's son, Todd Hunter, filed objections to these reports and filed separate resistances to each of the trustee's applications for approval of attorney fees and expenses. The district court refused to approve the second, third, fourth, and fifth annual reports until such time as they were supplemented with a showing the loans made by the trust to Joan were secured. The district court approved each of the trustee's applications for attorney fees and expenses. Pursuant to Todd's rule 179(b) motion, the district court specified the manner in which the loans were to be secured. Todd appeals, and Rossie, as trustee, cross-appeals.

Appellant contends the loans eventually will dry up the trust, since the amount of interest on the trust would not be sufficient to pay even the interest due from Joan's loans. He also argues the annual reports do not indicate in detail how the loan proceeds were used to improve the property. Appellant also asserts the trustee does not know the value of the house. He further asserts the district court's requirement the trustee show a mortgage encumbering the real estate in the amount of the loans is a start, but there is still nothing to require an independent determination whether the loans to Joan represent a sound investment of trust assets. Appellant notes the mortgages would only provide security for repayment of the loans. He further argues the trustee failed to take into consideration Joan's other assets when determining the propriety of giving her the loans. Appellant insists the trustee's actions violate the prudent person investment rule as set forth in Iowa code section 633.123 (1991). Finally appellant claims the district court erred in approving the various applications for attorney fees and expenses submitted by the trustee.

Rossie, as trustee, cross-appeals, arguing the district court did not have authority to require him to secure the loans the trust made to Joan. He claims any assertions regarding breach of fiduciary duty must be brought directly against him, rather than collaterally raised in proceedings relating to annual reports.

With certain exceptions, proceedings in probate court are in equity. Iowa Code § 633.33 (1993). Since this case does not fall within the exceptions, it was tried in equity and our review is de novo. Iowa R.App. P. 4; *In re Estate of Johnson,* 387 N.W.2d 329, 332 (Iowa 1986). We give weight to the fact findings of the district court, especially when

considering the credibility of witnesses, but are not bound by them. Iowa R.App. P. 14(f)(7).

■ Initially we consider the trustee's arguments (1) this action was not the appropriate means by which to challenge his exercise of discretion as a fiduciary, and (2) the court was without authority to order the loans be secured before approving the trustee's annual reports. He argues Iowa Code section 633.157 requires actions be brought directly against him instead of through an attack on the annual reports. This section states in part:

> Every fiduciary shall be liable for, and chargeable in the fiduciary's accounts with, all of the estate that comes into the fiduciary's possession at any time, ...

*Id.* While this section allows recovery from the trustee for property of the estate, this action does not seek recovery of estate property. It merely seeks to have loans made by the trustee secured, to protect the corpus of the trust. We agree with the trustee an action against him directly, seeking to compel him to secure the loans, might be appropriate. We do not agree, however, this action is inappropriate, especially since the relief sought relates to an accounting of the trustee's handling of the trust assets.

■ Nor can we agree the district court, sitting in probate, was without authority to order the trustee to secure the loans before accepting the annual reports. The court has broad powers in equity to fashion appropriate relief. "Hence, if we find a situation that is contrary to equitable principles and can be redressed within the scope of judicial action, we may devise a remedy to meet it, though no similar relief has ever been given. *Becker v. Central States Health & Life*, 431 N.W.2d 354, 356 (Iowa 1988); *Moser v. Thorp Sales Corp.*, 256 N.W.2d 900, 907 (Iowa 1977). Todd Hunter is one of the beneficiaries of the trust for his mother, Joan. He stands to receive a portion of the trust remaining after her death. His interest potentially was affected by the trustee's decision to make the unsecured loans. The remedy fashioned by the district court falls within its broad equitable powers.

■ We next consider appellant's assertion the district court did not go far enough in requiring the trustee to secure the loans before approving the annual reports. Iowa Code section 633.700 states:

> Unless specifically relieved from so doing, by the instrument creating the trust, or by order of the court, the trustee shall make a written report, under oath, to the court, once each year, and oftener, if required by the court. Such report shall state:
>
> 1. The period covered by the report.
> 2. All changes in beneficiaries since the last previous report.
> 3. Any changes in investments since the last previous report, including a list of all assets, and recommendations of the trustee for the retention or disposition of any property held by the trustee.
> 4. A detailed accounting for all cash receipts and disbursements, and for all property of the trust, unless such accounting shall be waived in writing by all beneficiaries.

*Id.*

Todd Hunter makes four arguments why the court should not approve the reports when the trustee secures the loans: (1) the reports were not timely, (2) they lack sufficient detail to judge the trustee's performance, (3) the trustee did not consider other property and income available to Joan Killian Hunter, and (4) the loans violate the prudent person investment rule in Iowa Code section 633.123. We address each argument in turn.

The second, third, and fourth annual reports, which cover the years 1988 through 1990 were not filed until October 1991. We agree with the determination of the district court the reports were untimely. The statute does not provide a specific penalty for late reports. The district court has the authority to fashion an appropriate remedy.

■ Appellant next argues the trustee failed to consider other property and income available to Joan Hunter before making the loans. The trustee's testimony reveals he was aware she had other income and assets. It also suggests his knowledge of those assets and income was very limited. The trust-

ee is to consider Joan's other property and income, however, when setting aside income and principal to her. The loans are investments of the trust, not a setting aside of income or principal. Because of their unsecured nature, the loans have the potential to deplete the trust corpus, but do not necessarily do so. Therefore the trustee did not violate the express terms of the trust document by making the loans to Joan without specifically considering her other income and property.

■ Appellant next argues the reports should include the appraised value of the home after repairs and "substantially more detail regarding Mrs. Hunter's overall financial condition." We disagree this additional detailed information is required by section 633.700. We find the financial information in the annual trustee reports sufficiently detailed to comply with the requirements of section 633.700(4). The district court enlarged its ruling in part pursuant to appellant's 179(b) motion. The court required the trustee to demonstrate the security of the loans:

> ... by providing the Court with a copy of a mortgage or deed of trust, valid under California law, encumbering the subject real estate for the full amount of all loans which have been made, plus accrued interest; and a title opinion, lien search, or policy of title insurance demonstrating the priority of any such mortgage or deed of trust, the precise nature and extent of any and all prior mortgages or other encumbrances and whether the obligations secured thereby are current or in default.

We conclude these requirements are sufficient and affirm the decision of the district court not to require the trustee to provide the additional information requested by appellant.

■ Appellant also asserts the trustee's actions violate the prudent person investment rule. Iowa Code section 633.123 states in part:

> 1. Investments by fiduciaries. When investing ... and managing property for the benefit of another, a fiduciary shall exercise the care, skill, prudence, and diligence under the circumstances then pre-

vailing that a prudent person acting in a like capacity and familiar with such matters would use to attain the purposes of the account. ...

> The propriety of an investment decision is to be determined [in part] by ... the needs and objectives of the beneficiaries of the account as they existed at the time of the investment decision.

> 2. Actions pursuant to a governing instrument. A fiduciary acting under a governing instrument is not liable to anyone whose interests arise from the instrument for the fiduciary's good faith reliance on the express provisions of the instrument.

*Id.* The trust instrument provides, in pertinent part:

> 3. The trustee shall from time to time transfer and deliver so much of the income and principal of the share of the residuary trust estate set aside for Joan Killian Hunter to Joan Killian Hunter as the trustee shall determine in their sole discretion is needed for the adequate health, maintenance, education and support of said Joan Killian Hunter, her husband and descendants, taking into account any and all other property and income available to them.

The trust instrument also mentions maintaining the beneficiaries "in the manner to which they have become accustomed to living" and assisting them in the purchase of a home.

■ Based on the language used in the trust itself, the trustee has broad discretion in using the funds to support and maintain the beneficiaries. The intent to maintain a certain lifestyle and to provide housing is clear. We conclude from the language creating the trust the trustee could have used all of the income and whatever principal was needed for these purposes. We do not find repairs to a beneficiary's home outside the uses for which the trustee was directed to use the trust. The trustee made the discretionary decision not to use the income and principal but rather to make the loans. This approach could accomplish both the objectives of providing for the immediate beneficiary yet preserving the trust corpus for future beneficiaries. Applying the prudent

person standard to the trustee's actions, however, we agree with the district court the loans should have been secured. We affirm the court's decision requiring the trustee to secure the loans before approval is given for the annual reports. This equitable remedy meets the needs of the interested parties without being excessively burdensome.

■ Finally, appellant asserts the district court erred in approving the trustee's applications for attorney fees and expenses. We disagree. Iowa Code section 633.200 provides:

> The court shall allow and fix from time to time the compensation for fiduciaries, other than personal representatives, and their attorneys for such services as they shall render as shown by an itemized claim or report made and filed setting forth what such services consist of during the period of time they continue to act in such capacities.

*Id.* The trustee provided the requisite itemized claim or report detailing legal fees and expenses. The legal work was performed in Tennessee and was related to the trust. The trustee has not sought double compensation as trustee and attorney because he asked the court to apply his fee as a trustee on his claim for legal fees and expenses. The trustee has the authority from the trust document to hire others such as attorneys and accountants to assist him in his duties. *See also* Iowa Code § 633.84. He did not act improperly simply because he hired himself and others in his law firm as attorneys. Based on our comparison of section 633.200 with sections 633.197–99, we conclude the term "compensation" as used in section 633.200 is broad enough to encompass the terms "fees" and "expenses" as used in sections 633.197–99. We therefore affirm the district court's award of compensation.

After considering the issues presented, we determine any other issues the parties may have raised are either covered by this opinion or are without merit. We affirm the rulings of the district court as enlarged. Costs of this appeal are taxed to appellant.

**AFFIRMED.**

HABHAB, J., concurs.

SACKETT, J., dissents.

SACKETT, Judge, (dissenting).

I dissent.

I would determine the Iowa courts are without jurisdiction to resolve the issues raised in this appeal. I would vacate the trial court's order approving the trustee's report and approving fees. This trust was established as a private trust. In May of 1987, the objector from Wisconsin and his mother from California sought the appointment of Rossie as trustee. Rossie is from Tennessee, a member of the Tennessee bar, not licensed to practice law in Iowa. Rossie was named trustee and it was agreed the trust be managed in Tennessee and all assets of the trust were transferred to a Tennessee brokerage house. All investment decisions and services involved in the challenged report were performed in Tennessee. I would determine at the time the trust assets were transferred, without objection, to Tennessee to be managed by a Tennessee trustee, the Iowa courts lost jurisdiction and we are without subject matter jurisdiction to consider the report and application to fix fees.

I have particular concern about this court approving fees for the trustee and attorney. The attorney is not licensed in Iowa and his legal services were performed outside the state of Iowa. *See In re Estate of Bolton,* 403 N.W.2d 40, 42 (Iowa App.1987).